# APRIL TERM, 1895.

## LONG v. SULLIVAN.

1. APPELLATE PRACTICE—DISMISSAL—AFFIRMANCE.

The dismissal of an appeal may be made without prejudice to another appeal or to a writ of error, but, unless another appeal or supersedeas be taken or allowed within thirty days, the dismissal operates as an affirmance.

2. PLEADING ON APPEAL BOND.

It is not necessary in a pleading on an appeal bond, filed more than thirty days after dismissal, to allege that no second appeal had been taken within that time, as this is matter to be pleaded by the defendant.

3. CONSTITUTIONAL LAW.

The provision in the act creating the court of appeals, that "writs of error from or appeals to the court of appeals shall lie to review final judgments within the same time and in the same manner as is now or may hereafter be provided by law for such reviews by the supreme court," is not inconsistent with sec. 24, art. 5, of the constitution.

*Appeal from the District Court of Arapahoe County.*

THE cause was heard in the district court upon the amended complaint and answer and motion for a judgment upon the pleadings. This motion was sustained, and judgment rendered in favor of appellant. The defendant brings the case here upon appeal. The pleadings are as follows: ·

" The plaintiff complains of the defendant and alleges :

" 1. That on, to wit, the twentieth day of October, A. D. 1891, at a term of the district court then being holden within and for the second judicial district in the county of Arapahoe and state of Colorado, a judgment was rendered in favor of the above named plaintiff against one W. E. Myers and others, for the sum of seventeen hundred and seven dollars and fifty cents ($1,707.50), and seventy-five dollars ($75.00) attorneys' fees and costs of suit, and that on the 19th day of December, A. D. 1891, the said W. E. Myers appealed from said judgment to the court of appeals of said state.

" 2. That upon said appeal the said defendant made and filed with the clerk of the said district court, for the use of the plaintiff, his written undertaking, of which the following is a copy, to wit:

" ' Know all men by these presents, that we, W. E. Myers and R. A. Long, of the county of Arapahoe and state of Colorado, are held and firmly bound unto J. W. Sullivan in the penal sum of three thousand dollars, for the payment of which, well and truly to be made, we and each of us bind ourselves, our heirs, executors, and administrators, jointly and severally, firmly by these presents. Sealed with our seals, and dated at Denver, Colorado, this 14th day of December, in the year of our Lord one thousand eight hundred and ninety-one.

" ' The condition of the above obligation is such, that whereas, the said J. W. Sullivan did, on the 20th day of October, one thousand eight hundred and ninety-one, at a term of the district court then being holden within and for the second judicial district in the county of Arapahoe and state of Colorado, obtain a judgment against the above bounden W. E. Myers et al. for the sum of seventeen hundred and seven $\frac{50}{100}$ dollars, and seventy-five dollars attorneys' fees and costs of suit, from which judgment the said W. E. Myers has prayed for and obtained an appeal to the court of appeals of said state of Colorado.

" ' Now if the said W. E. Myers et al. shall duly prosecute said appeal, and shall moreover pay the amount of the said judgment, costs, interests and damages, rendered and to be rendered against the said W. E. Myers et al. in case the said judgment shall be affirmed in the said court of appeals, then the above obligation to be null and void, otherwise to remain in full force and effect.

" ' (Signed)          W. E. MYERS,     (Seal)
" ' R. A. LONG,     (Seal).'

" 3. That the said W. E. Myers has failed to prosecute said appeal, and has failed to pay the amount of said judgment, costs, interest, and damages, and on, to wit, the twenty-

eighth day of January, A. D. 1892, proceedings were had in the said court of appeals, by which said appeal was dismissed and a remittitur was issued to the said district court of Arapahoe county, and that said judgment is still due and unpaid to the damage of the plaintiff in the sum of three thousand dollars ($3,000).

" Wherefore, the plaintiff demands judgment against the said defendant in the sum of three thousand dollars ($3,000), for the costs of this action, and for such other and further relief as to the court shall seem proper."

The defendant for answer to the amended complaint herein, " denies that the said Myers failed to prosecute said appeal mentioned in said complaint; but defendant avers that said appeal was duly prosecuted, and that there was no judgment rendered or to be rendered against the said Myers in the said court of appeals, and that the said judgment theretofore rendered by the district court was not affirmed by the court of appeals. Court of appeals _____ have all been paid by the said defendant.

" Wherefore, defendant asks that said suit be dismissed at the cost of the said plaintiff."

Mr. J. P. BROCKWAY and Mr. ROBERT GIVEN, for appellant.

Messrs. O'DONNELL & DECKER, for appellee.

CHIEF JUSTICE HAYT delivered the opinion of the court.

The condition of the bond is that the appeal shall be duly prosecuted, and the amount of the judgment of the district court paid, with costs, in case such judgment shall be affirmed. It is alleged in the complaint that the appeal was dismissed from the court of appeals, and a remittitur issued by that court to the district court. Section 397 of the code provides: " The dismissal of an appeal may, by order of the court, be made without prejudice to another appeal or writ or error;

but unless another appeal or supersedeas be taken or allowed within thirty days after such dismissal, the dismissal of an appeal or writ of error shall operate as an affirmance of the judgment of the trial court." The complaint, which was not filed until April 11, 1892, alleges that the appeal was dismissed by the court of appeals on the 28th day of January, 1892. It is thus shown that more than thirty days had elapsed after the dismissal of the appeal before the bringing of the present suit, and hence, by the very terms of the statute, the dismissal amounted to an affirmance of the judgment of the district court, and the liability of appellant upon his bond attached, unless it appears that another appeal or supersedeas was taken or allowed within thirty days after such dismissal. It was not necessary to allege in the complaint that no appeal had been taken within the thirty days, as this was a matter of defense which should have been pleaded by the defendant. Whether this appeal was duly prosecuted or not is immaterial, as it sufficiently appears from the pleadings that the judgment of the district court was affirmed, and it would not, therefore, avail the defendant if it be admitted that he prosecuted the appeal with due diligence.

It is contended that section 397 of the code has no application to the court of appeals. This contention is based upon two propositions: *First*, that the act creating the court of appeals does not in terms attempt to make the section applicable in cases appealed to that court; and, *second*, that if it does so attempt, the statute is in violation of section 24 of article 5 of the state constitution :

"SECTION 24. No law shall be revived, or amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revived, amended, extended or conferred, shall be reënacted and published at length."

A conclusive answer to the first proposition is to be found in the act creating the court of appeals. This act was passed for the purpose of relieving the overburdened docket of this court. The first section of the act limits the right of this

court to review the final judgments of inferior courts in certain cases. Section 2 creates the court of appeals. Section 3 provides for the appointment of the judges. Section 4 for the jurisdiction of that court, and contains, *inter alia*, the following clause : " Writs of error from, or appeals to, the court of appeals shall lie to review final judgments, within the same time and in the same manner as is now or may hereafter be provided by law for such reviews by the supreme court." Section 5 makes provision for the transfer of certain cases from the supreme court to the court of appeals ; and section 6 requires the court of appeals to adopt rules, but that the same shall be similar to the rules of the supreme court, so far as practicable. These sections of the act show beyond controversy that it was the intention of the legislature to provide a practice for the court of appeals similar to the practice in the supreme court. This conclusion also finds support in those provisions of the act which allow certain cases to be transferred from the supreme court to the court of appeals, and certain other cases to be transferred from the court of appeals to the supreme court. This transfer of cases from one court to the other presents of itself a strong argument in favor of the uniformity of practice contended for by appellee.

Is the act inconsistent with section 24 of article 5 of the constitution ? The section is a part of the Code of Civil Procedure of the state of Colorado, entitled, " An Act for An Act to Provide a Code of Procedure in Civil Actions for Courts of Record in the State of Colorado, and to Repeal All Acts Inconsistent Therewith." The act contains 445 sections, and is the general law of this state governing practice in civil cases. If appellant's contention be sustained, then, every time a new court is created, the entire code must of necessity be reënacted to make it operative in such court, and our already cumbersome statutes would be increased in volume until it would be difficult to ascertain the law upon a given subject. Certainly this ought not to be required, if, under any reasonable construction, a different conclusion can be reached.

If the question were a new one in this state, the hardship and expense that would result from such a conclusion should be given weight; *a fortiori* must importance be given to this in view of the fact that a contrary construction has been indulged by the legislative and executive departments from the inception of the state government, and the practice sanctioned by repeated decisions of this court. To now reverse this practice would destroy the efficiency of many of our courts, and unsettle judgments that have up to this time been accepted without question.

The argument of counsel in this case is the same as that made by him in the case of *Denver Circle R. Co. v. Nestor*, 10 Colo. 403. The court then went into an elaborate discussion of the subject, the purpose, object and meaning of the constitutional provision, in an endeavor to show that the position of counsel was not supported by sound reason and found no indorsement in the adjudicated cases. It would be idle to repeat, and of no benefit to attempt to enlarge upon the reasons advanced by Chief Justice Beck, the writer of the opinion in the former case.

The doctrine in that case was not entirely new in this state, as it had previously received the sanction of this court in response to a legislative question. *In re Constitutionality of House Bill No. 158*, 9 Colo. 625.

The constitution of the state of New York contains a provision in effect the same as the provision invoked in this case. It reads: "No act shall be passed which shall provide that any existing law or any part thereof shall be made or deemed a part of said act, or which shall enact that any existing law, or any part thereof, shall be applicable, except by inserting it in such act." Section 17, article 3, Constitution of New York. The court of appeals of that state, in the case of *People ex rel. Commissioners v. Banks*, 67 N. Y. 568, say:

"Reference is made to such laws, not to affect or qualify the substance of the legislation or vary the terms of the act, but merely for the formal execution of the law.

\*    \*    \*    \*    \*    \*    \*    \*

"It would be a serious evil to compel the engrafting upon and embodying in every act of the legislature all the forms and the details of practice which may be necessarily resorted to to carry any one statute into effect, when the same proceedings are provided for by the general statutes of the state, and are applicable to hundreds of other cases, and with which the legislators may be supposed to be reasonably familiar. This objection, we think, not available to the defendant."

The same conclusion was reached in the matter of *Application of The Union Ferry Company*, 98 N. Y. 139.

The judgment of the district court must be affirmed.

                                  *Affirmed.*