## JANUARY TERM, 1898.

[No. 3502.]

THE SAN MIGUEL CONSOLIDATED GOLD MINING Co. v. THE SUFFOLK GOLD MINING AND MILLING Co.

PRACTICE.
Where a decree of the trial court has been reviewed by the court of appeals upon an appeal by the defendant, the supreme court will not entertain a writ of error sued out by plaintiff to the decree of the trial court and involving the same questions passed upon by the court of appeals; and it is immaterial that the writ of error was sued out prior to the taking of the appeal.

*Error to the District Court of San Miguel County.*

Mr. S. A. BAILEY and Messrs. STORY & STEVENS, for plaintiff in error.

Mr. H. M. HOGG and Messrs. PATTISON, EDSALL & HOBSON, for defendant in error.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

The object of this action, as tried in the district court, was to restrain the defendant company, which had made a valid appropriation of water from a public stream for furnishing power to its mining stamp mill, from discharging into said stream at a point therein above the head gate of plaintiff's ditch, through and by means of which plaintiff had made a subsequent appropriation of water for generating electricity for lighting and power purposes, the tailings carried from said mill in suspension with the water.    The decree of the district court is in the following language:

"It is therefore considered, adjudged and decreed by the court that an injunction issue, as prayed in plaintiff's complaint, requiring defendant * * * to absolutely refrain and desist from directly or indirectly washing or permitting the tailings from its mill to be washed or flow into the Howard's Fork of the San Miguel river, or into or upon the flume, pipe line or other property of plaintiff, *save and except such tailings as may reach the stream after the defendant has utilized reasonable and necessary appliances and taken reasonable and necessary precautions to prevent the same.*"

Plaintiff in error (plaintiff below) excepted to, and is dissatisfied with, only that portion italicized by us and prosecutes this writ of error to eliminate it from the decree.

Assuming that we have jurisdiction to entertain a writ of error in this character of an action, we are clearly of the opinion that plaintiff in error, under the facts of this case, is not in a position to prosecute it. · The objection to considering it has not been formally, or at all, interposed by the defendant in error; but in the course of argument of counsel on both sides our attention has been called to the fact that the defendant in error here has appealed from this decree

to the court of appeals, where, upon consideration, the same has already been affirmed in its entirety.    See 9 Colo. App. 407 ; 48 Pac. Rep. 828.    Even though counsel on both sides may desire a review, the precedent that we would establish by passing upon the merits is of such importance that the court, *sua sponte*, raises the point of practice.

Whether this writ of error was sued out before or after the appeal of the defendant in error to the court of appeals was perfected, is quite immaterial.    That court had unquestioned jurisdiction to review the decree in all its provisions ; and when its jurisdiction once attached, it was not only within its power, but it was its duty, to retain jurisdiction for all purposes, and adjudicate every question in issue, and settle all the rights of both parties in so far as they were raised by the assignment of errors ; and if the court saw fit, it might go outside the assignments and notice and determine any other error appearing of record.    Rule 15, court of appeals.    The record in the court of appeals case shows that the very question here presented was there determined. Elliott's Appellate Procedure, §§ 18, 91, 415, *et seq.*

It is obvious what confusion would result were this court to entertain a writ of error or an appeal under a state of facts like that disclosed in this record.    If such a review were had, this court, under the well-established practice (Rule 13), even in the absence of an assignment of cross-errors by appellee or defendant in error, might, upon a review of that portion of the decree objectionable to plaintiff in error, of its own motion review the entire record, if the first assignments of error did not require it, and determine all questions raised therein, and might arrive at a conclusion entirely different from that reached by the court of appeals, and reverse the judgment of the trial court in its entirety ; or it might sustain the present position of plaintiff in error, and reverse in part, and in all other particulars affirm.    There would then be two judgments,—one in the court of appeals affirming this judgment of the trial court in its entirety, and one here reversing it,—each antagonis-

tic to the other; or, on the other hand, one affirming the judgment in all its provisions, the other affirming it in part, and partly reversing. A practice that would permit of such result should not be tolerated, unless some statute expressly prescribes it. It not only would encourage litigation by splitting up a cause and trying it piecemeal, but would result in endless confusion and jarring among the courts, be neither just to the parties nor to the court of appeals, and inimical to public justice.

For this reason the writ of error should be dismissed, and it is so ordered.

*Writ of error dismissed.*

Mr. Justice Gabbert not sitting.

### ON PETITION FOR REHEARING.

The brief of plaintiff in error, in support of the petition for a rehearing, contains a stricture of our action in dismissing the writ upon a question of practice which was not raised at the original hearing, and upon which counsel were not then heard. The pertinency and force of the adverse criticism are not unappreciated, and for this reason, as well as others, we have given counsel ample time to file briefs in which to embody the result of their investigation. This they have done, and while their efforts have not affected a change in our former conclusion, they have led to a modification of the original opinion.

In that opinion it was said, *inter alia,* that a review was sought by plaintiff in error of an inseparable part of the decree, which, in and of itself, did not constitute such a decision as was the subject of examination in an appellate court; but upon further consideration we now assume, with plaintiff in error, that a review is sought of the entire decree as, entered below; hence that portion of the opinion pertaining to the inseparable part of the decree is withdrawn, and another opinion, modified in this and in some other particulars, is substituted therefor.

It is unquestionably true, as counsel contend, that at the common law a writ of error is a writ of right. That it is not so in this state has been decided in the case of *People v. Richmond*, 16 Colo. 274. If, however, it be conceded that with us it is a writ of right when the statute regulating the writ is complied with, it does not necessarily follow that the ·plaintiff in error is entitled in this proceeding to maintain it.

The case of *Harding v. Larkin*, 41 Ill. 413, is cited as authority for the proposition that, under the practice in this state, a plaintiff may prosecute a writ of error, although the defendant has appealed from the same judgment; and one of these proceedings does not affect the other, and both may progress at the same time. *Brennan v. State Bank*, 50 Pac. Rep. 1076, holds that the failure of an appellee in the court of appeals to assign cross-errors does not cut him off from a right to a subsequent writ of error.

In addition to these cases, cited by plaintiff in error, are the cases of *Page et al. v. People ex rel.*, 99 Ill. 418 and *Wick-liffe v. Buckman*, 12 B. Monroe, 424, 7 Enc. Pl. & Pr. 855, 856, holding that a statute similar to section 386 of Mills' Code, giving to defendant in error, or appellee, the right to file cross-errors, was permissive only, and the right itself cumulative, and that the failure to exercise it does not take away the previously existing right to maintain a writ of error, after a determination of an appeal from, or writ of error to, the same judgment prosecuted by the other party. But this doctrine is by no means authority for the claim of plaintiff in error that it may prosecute *this* writ. The facts of this case do not call for a definite announcement by us of the consequences of a failure to assign cross-errors; for the record discloses that plaintiff in error seeks to have us examine and determine precisely the same questions that were decided by the court of appeals.

That this is so seems too plain for argument. For, by the decision of the court of appeals, the entire decree, including the part to which plaintiff in error now objects, was affirmed. The question whether the defendant should be absolutely

enjoined from permitting any tailings whatever to be discharged into the stream, or whether its only duty was to take all reasonable precautions to impound the tailings, was a question presented under the former record, was then passed upon, and was necessarily involved in the affirmance. In other words, an affirmance of the decree in its entirety was an affirmance of all its parts.

In each of the cases cited the questions determined upon the first appeal, or writ of error, were entirely different from those raised on the second. In the *Harding* case it also appeared that in actions at law cross-errors might not be assigned. In the *Page* case the court says that if the question raised on the second writ of error was presented when the record was before the reviewing court under the first writ, it cannot be again considered. In the *Brennan* case our court of appeals says : "Whatever has been decided by an appellate court on one writ of error cannot be re-examined on a subsequent writ brought in the same suit." So that where it is ruled that a determination by an appellate court of an appeal, or writ of error, prosecuted by a defendant does not preclude the plaintiff from prosecuting a subsequent writ of error to the same judgment, this means that the questions presented under the second, or subsequent, writ must be different from those decided under the former proceeding. The same questions may not thus be re-examined. In the *Brennan* case particularly the court takes occasion to reiterate that the questions raised under the second writ were radically different from those decided under the former.

Where the first review is had, and the cause determined, in one appellate court, and the second writ of error is sued out from another appellate tribunal, the rule, of course, is the same as if both proceedings were in the same appellate court.

But counsel say that the fact that the court of appeals has affirmed this judgment is *dehors* the record, and, further, that this writ of error was sued out before the defendant

perfected its appeal.    Certainly, they are not entitled to complain, for they, themselves, called our attention to this decision, filed in this court their brief used in the court of appeals, and asked us to examine the record in that court. Upon this request we did so, and learned that precisely the same question was raised and decided by that court which we are here asked to re-examine in an independent proceeding.

That this writ was sued out before the appeal was taken we deem immaterial.    Counsel did not indicate, or suggest, to that court, so far as we are advised, that this writ was pending here, involving the same questions as the appeal there.    Decision there was first had.    The court had jurisdiction, and no review of its judgment was sought by plaintiff.

A moment's reflection will show what a perversion of justice it would be, and how manifestly unfair to both courts, if plaintiff in error should now be permitted to have examined and decided questions upon this writ which it permitted the court of appeals to decide without suggesting that, in an independent proceeding in the court of last resort, the same questions were pending.    It should not be allowed to sit quietly by, and speculate upon the chance of obtaining a favorable decision in the court of appeals, and, after losing, have a second examination, in an entirely independent proceeding, of the same questions.    The only way that this court has jurisdiction of the case, if at all, would be upon an appeal from the judgment of the court of appeals, or under a writ of error sued out to its judgment from this court.

The original opinion, as modified, is adhered to, and the petition for rehearing is denied.

*Rehearing denied.*

Mr. Justice Gabbert not sitting.