[No. 3386.]

WESTERN LUMBER AND POLE CO. v. CITY OF GOLDEN.

1. COURT OF APPEALS—*Jurisdiction*. This court has the same jurisdiction to entertain and determine, as a writ of error, an appeal, in a non-appealable case, which before the organization of this court was vested in the Supreme Court by sec. 423 of the Revised Code of 1908.

Hurlbut, J., dissents.

2. APPEAL WHERE NO APPEAL LIES—*Entry as Writ of Error—Limitation—General Appearance—Effect*. By general appearance in an appeal, and joining issue on the merits even after the lapse of the three years allowed by the statute (Mills' Code, sec. 401, Rev. Code 1908, sec. 436), within which to sue out a writ of error the appellee waives the statutory limitation. Where application is made to enter the cause as a writ of error, appellee will not be heard to urge the lapse of the statutory appeal.

3. STATUTES—*Construction*. In the interpretation of a statute the legislative purpose and the objects sought to be accomplished by the enactment are to be always borne in mind. And it is not to be admitted that an unjust or unnatural consequence was contemplated by the legislature, unless this intention is too plain to admit of a doubt.

And the court should not adopt an interpretation which produces absurd, unreasonable, unjust, or oppressive results, if such interpretation can be avoided.

*Appeal from Jefferson District Court.* HON. FLOR ASHBAUGH, Judge.

Messrs. VAN CISE, GRANT & VAN CISE, for appellant.

Mr. WILLIAM A. DIER, Mr. J. W. BARNES, for appellee.

CUNNINGHAM, Judge.

Appellee has filed its motion to dismiss the appeal taken in this case, and in the same motion questions the authority of this court to re-enter the case as pending on error.

Appellant does not insist that its appeal can be maintained, and since it is from a judgment of dismissal, and does not relate to a franchise or freehold, it is clear that the appeal must be dismissed. But it is urged, on behalf of appellant, that the case should be re-entered and reviewed as pending on error.

The judgment from which the appeal was taken was rendered May 9, 1908. The motion to dismiss the appeal now under consideration was filed February 7, 1912—more than three years after the date of the judgment. Prior to filing its motion to dismiss, but more than three years subsequent to the date of the judgment, appellee entered a general appearance in the supreme court, where the case was then pending, and by filing its answer brief, joined issue upon the merits.

1. Before approaching the question of the authority of this court to re-enter any case on error, following its dismissal on appeal, we will first dispose of appellee's contention that the cause cannot

be re-entered on error, in any event, for the reason that its appearance was not entered until after the time for suing out a writ of error, under the three-year statute of limitations had expired. By entering a general appearance and joining issue upon the merits, though after the expiration of the three-year period in which a writ of error might have been sued out, appellee waived its right to invoke the statute of limitations. *Haley v. Elliott*, 20 Colo., 199.

2. Whether this court has authority, upon dismissing an appeal, where it appears that the court would have jurisdiction if the action had reached it on writ of error, to order the clerk to enter the action as pending on writ of error, and thereafter review and determine the cause, has been vigorously debated in briefs and on oral argument, in this and other cases pending before this court wherein similar contentions are made. This question has not, as yet, been squarely determined by us, and since our decision of this motion must affect many other cases, and unless reversed or modified, become and remain a rule of practice, we fully appreciate the gravity of the contention and the importance of a correct disposition of it.

It is true that the jurisdiction of this court is derivative in character, depending upon the proper interpretation of the statute creating it, and certain other statutes *in pari materia*.

The ordinary rules of statutory construction must be applied to the act from whence our jurisdiction springs. By an unbroken line of decisions our supreme court and the former court of appeals, as well as the courts of the land generally, have

held that in the interpretation of a statute the legislative purposes and objects are always to be borne in mind, and an indispensable requisite is to first inquire what objects and purposes were sought to be accomplished by it. The objects and purposes of the statute creating this court have been happily stated by Mr. Justice Musser, who wrote the majority opinion in the case of *People v. Scott* (Colo.), 120 Pac., 126. In discussing said statute in the *Scott* case, it was said:

"The docket of this court, the supreme court, was congested to such an extent that the delay incident to such a condition was regarded and felt by many to be a denial of the right guaranteed by our constitution to a remedy for every legal injury, and to enjoy that remedy without delay. It was to relieve this serious condition, and to afford that speedy determination of causes assured by the constitution that the new court was created. * * * So that beyond question the paramount object of this act was to relieve this serious situation and to immediately begin the work of such relief."

To hold, in this and similar cases, that no authority is vested in this court to re-enter the same as pending on error, would indeed be a speedy determination of such causes, but it seems reasonably probable that the remedy would not be enjoyed by those who lost their right to have their causes reviewed, as they might have been reviewed, by the supreme court, but for the legislative enactment creating this court. In *Colorado I. W. v. Sierra Grand M. Co.,* 15 Colo., 499, it is said:

"A proper regard to the administration of justice, the interests of trade and commerce, and to the

rights of citizens, requires that the jurisdiction of courts be sustained and not circumscribed, except by the necessity of law.''

We think no one will contend that it was within the intention of the legislature by the creation of this court to deny to certain litigants rights or privileges which they, at that time enjoyed; that is to say, it was not supposed by the legislature that it was adopting an act that would summarily dispose of, without review or consideration, a class of cases transferred by the supreme court to this court, when, had those cases been permitted to remain in the supreme court, a review was made mandatory by the provisions of the code. To place this interpretation on the act of 1911 would be to impute to the legislature an unworthy motive. In *Bradley v. People,* 8 Colo., 603, it is said that:

''Unless the intention is too palpable to admit of doubt, duty and respect to the legislative body require that the judiciary should not adjudge unnatural or unjust consequences as within the contemplation of the law.''

Nor should a construction of a statute be adopted which produces unreasonable, absurd, unjust or oppressive results, if such interpretation may be avoided.

*People v. DeGuelle,* 47 Colo., 18; *Wike v. Campbell,* 5 Colo., 131.

Sec. 423 Civil Code (R. S.) reads as follows:

''Whenever the supreme court or court of appeals shall dismiss an appeal for lack of jurisdiction to entertain the same, and it appearing that the court would have jurisdiction if the action had come up on writ of error, the court shall order the

clerk, without additional fees, to enter the action as pending on writ of error, and thereupon all the proceedings shall be such as if the action had originally been brought to the court on writ of error; and in such case the court may, upon proper showing, order a supersedeas bond to be filed in place of the appeal bond.''

(It is conceded that the court of appeals referred to in the above section was the old court of appeals, and no contention has been made, nor is it our understanding, that this court is a continuation of the former court of appeals.)

Sec. 423 Civil Code (R. S.) is generally understood by the profession to be a part of our Code of Civil Procedure, and while there is no express provision in the act creating the court of appeals that the code shall govern it, the decision in *Long v. Sullivan,* 21 Colo., 109, is authority, if any were required, for holding that the Code constitutes our chart in matters of practice and procedure; indeed, only by invoking the provisions of the preceding section—422—and holding the code to be our source of authority in such matters, are we authorized to entertain or grant appellee's motion to dismiss this appeal. We are quite unable to perceive either justice or logic in the contention that sec. 422 constitutes a refuge for appellee, while sec. 423 is not available to appellant; and beyond our jurisdiction to apply.

If this case had been pending on error in the supreme court at the time that court transferred it to the docket of this court, there can be no question, under such circumstances, of the jurisdiction of this court over the cause (subject, of course, to the right

to have the same remanded under the provision of the act). The mere fact that the action chanced to be .pending (in the supreme court) on appeal which had been improvidently prayed, allowed and perfected, cannot, we believe, affect our jurisdiction in the premises. In *Bowling v. Chambers,* 20 Colo. App., 117, referring to Sec. 388A M. A. Code—being sec. 423 R. S., it is said:

"The jurisdiction of this court to entertain this matter if it had come up on writ of error must be conceded, and we think that the case falls within the mandate of the above quoted section of the code."

We think it is no answer to this argument to say that the old court of appeals that decided the *Bowling* case was given jurisdiction to issue writs of error to lower courts, and that it had jurisdiction generally to hear and determine causes coming directly to it from the lower courts on error. Jurisdiction in this behalf was no more clearly bestowed upon it than is jurisdiction bestowed upon this court to hear and determine error cases transferred to it by and from the supreme court. In other words, the distinction seems to be purely adverbial, or one of direction, that is to say, the *Bowling* opinion refers to cases which came *up* to it, the old court of appeals, on writ of error, while the error cases which this court is given jurisdiction to hear and determine, came *over* to it, but it is not believed that the manner of acquiring jurisdiction is controlling.

In the *Long* case, the supreme court held a certain section of our code, namely, sec. 397, was applicable to the former court of appeals, notwithstanding the act creating that court did not, in terms,

attempt to make the section applicable to cases appealed to that court. In the course of its opinion in the *Long* case, the court used this language:

"This act (meaning the act creating the former court of appeals) was passed for the purpose of relieving the over-burdened docket of this court." (Meaning the supreme court.)

After referring to the various sections of the old court of appeals act, many of which are strikingly similar to the sections of the act creating the present court of appeals, the supreme court, in the *Long* case, says:

"These sections of the act show beyond controversy that it was the intention of the legislature to provide a practice for the court of appeals similar to the practice in the supreme court. This conclusion also finds support in those provisions of the act which allow certain cases to be transferred from the supreme court to the court of appeals. This transfer of cases from one court to the other presents, of itself, a strong argument in favor of the uniformity of practice contended for by appellee.

Next the supreme court, in the *Long* case, takes up section 24 of article V. of the state constitution, which reads as follows:

"Sec. 24. No law shall be revised or amended, or the provisions thereof extended or conferred, by reference to its title only, but so much thereof as is revised, amended, extended or conferred shall be re-enacted and republished at length."

The supreme court reached the conclusion that its holding was not in violation of this section of the constitution, saying on this subject:

"If appellant's contention be sustained, then

every time a new court is created, the entire code must of necessity be re-enacted to make it operative on such court, and our already cumbersome statutes would be increased in volume until it would be difficult to ascertain the law upon a given subject.''

It is further suggested in the *Long* case that the subject was not one of first impression, but had been determined in *Denver Circle R. Co. v. Nestor,* 10 Colo., 403.

It must be assumed that the legislature, in passing the last court of appeals act, had in mind the decision of the supreme court in the case of *Long v. Sullivan,* and therefore, indulged the warrantable conclusion that it was not necessary to incorporate into the act a section which, in so many words, specifically conferred upon this court the right to re-enter a cause as pending on error, when, for any reason, the appeal taken in such cause had been dismissed for want of jurisdiction in the court to hear and determine the same upon appeal. The intention of the legislature to confer upon this court such authority is further manifested in sec. 7 of the act, which specifically provides that the court which it was creating should be governed in matters of practice and procedure by the same rules and regulations governing the supreme court, in so far as the same were practicable or applicable.

But, as we view the act, we are not driven to any doubtful statutory construction in order to sustain our jurisdiction to re-enter this cause as pending on error. Section 3 of the act, as we read it, clearly confers such jurisdiction. Sec. 3 of the act reads as follows:

"Said court of appeals shall have jurisdiction to review and determine all judgments in civil causes now pending upon the docket of the supreme court, or wherein appeals were perfected prior to the taking effect of this act, or that may hereafter and during the life. of the court of appeals be taken to the supreme court for review, save and except writs of error to county courts.",

There can be no question that the judgment before us was rendered in a civil cause; that it was pending upon the docket of the supreme court is. admitted, and it was not' pending upon a writ of error to a county court. If the English language means anything, then this section conferred upon this court power to *review and determine* this judgment. Sec. 3, therefore, clearly vests this court with initial jurisdiction; and the act does not limit or prescribe the method which we shall pursue in reviewing and determining the cause, except that our procedure shall be, in so far as practicable, similar to that of the supreme court. Sec. 7 provides in part that:

"The court of appeals shall have the power to adopt rules regulating the procedure therein, in the same manner and with like effect as the supreme court; provided that such procedure shall be, so far as practicable, similar to that of the supreme court. It shall be a court of record and have a seal, and shall also have power to issue *all necessary and proper writs and process in aid of its jurisdiction in the same manner and with the same effect as the supreme court.*"

Sec. 4 of the act provides that all appeals pending in the supreme court, and all appeals that had

been perfected but not docketed in that court, should, upon the taking effect of the act creating this court, be transferred by order of the supreme court to the docket of this court *"for hearing and determination."*

Thus, it appears plainly from the wording of the act creating this court, that the legislative intent was that this court should "hear and determine," as expressed in sec. 4, and "review and determine" as expressed in sec. 3, all cases transferred by the supreme court to the docket of this court (unless the same were remanded to the supreme court). Therefore, it would seem that the jurisdiction confessedly vested at one time in the supreme court to review this cause, has not been dissipated and altogether lost by virtue of the transfer of the case under the mandate of the statute to this court; and since, as we read the statute, it confers upon us the authority and duty to re-enter this cause as pending on error, the order will be that the motion to dismiss the appeal be granted, the appeal dismissed, and the cause re-entered as pending on error.

Appeal dismissed, and cause re-entered as pending on error.

HURLBUT, Judge, dissents from so much of the opinion as pertains to the right of this court to re-enter the case as pending on error.

HURLBUT, J., dissenting.

In interpreting the law concerning the power of this court to order a cause, pending on appeal, to be entered as pending on error following dismissal of the appeal, I have reached an opposite conclusion to that expressed in the court's opinion.

It is not my purpose to do more than give my reasons, as briefly as possible, for holding contrary views to those entertained by my brother associates.

The question mooted is one of jurisdiction, and inasmuch as this tribunal is one of legislative creation, its jurisdiction, powers and duties, must be ascertained from the act that gave it existence, and such other legislative enactments as may be deemed clearly applicable thereto.

A portion of section one of the act creating this court reads as follows:

"That there be and is hereby established a court to be known as the 'court of appeals,' which shall exist for a period of four years from the date upon which this act shall take effect and shall exercise only such jurisdiction as is hereinafter conferred upon it," etc.

The phrase here found, "and shall exercise only such jurisdiction as is hereinafter conferred upon it," is plain and free from ambiguity, and is indicative of a legislative intent that the court shall have no implied powers and possess no jurisdiction other than that conferred by the act itself. Its every judicial act when challenged must find justification within the letter and spirit of the act.

Section two contains no matter pertinent to the question before us. Section three reads:

"Said court of appeals shall have jurisdiction to review and determine all judgments in civil causes now pending upon the docket of the supreme court or wherein appeals were perfected prior to the taking effect of this act or that may hereafter and during the life of the court of appeals be taken to

the supreme court for review, save and except writs
of error to county courts.''

This section is sweeping in its scope in that it
confers jurisdiction on this court to review and de-
termine *all* judgments·in civil causes pending upon
the docket of the supreme court when the act took
effect as well as those from which appeals were per-
fected at that time but not docketed, also all judg-
ments thereafter taken to the supreme court for re-
view during the life of this court, excluding writs
of error to the county courts. I think it clear that
the jurisdiction conferred applies to all judgments
whether then pending on appeal or error or there-
after taken to the supreme court for review. The
section eliminates all doubt as to this court having
jurisdiction to review and determine such judg-
ments. It must not be forgotten, however, that jur-
isdiction in a court to review and determine certain
judgments *if properly before it* is one thing. The
existence of a condition which enables such court
to exercise that jurisdiction is another. The juris-
diction here conferred is entirely derivative. Be-
fore the jurisdictional powers conferred can be ex-
ercised the record of the judgments mentioned must
be rightfully on the court's docket or within its pos-
session and control. It therefore follows that we
must scan the act to ascertain what method if any
has been therein prescribed for transferring from
the supreme court to this tribunal the records of
such judgments. We find, as will be seen later, that
the legislature has prescribed only two ways by
which such judgments can reach the docket of this
court: One by mandatory order of transfer; the

other entirely dependent upon the will or discretion of the supreme court.

Section four repeals existing statutes regulating appeals from district and county courts to the supreme court, and, with the exception contained in section six, strips the supreme court of every vestige of jurisdiction over causes therein pending on appeal, as well as causes that may be thereafter docketed on appeal. It also contains a mandatory order to that tribunal to immediately upon organization of this court, or thereafter, transfer all such causes to the docket of this court for hearing and determination. Not a word can be found therein providing for transfer to this court of causes therein pending on error. As I interpret this section, it also manifests a clear intent on the part of the legislature to only deprive the supreme court of jurisdiction over all docketed *appealed* causes, as well as perfected appeals not docketed.

Section five provides that:

"The supreme court is also hereby authorized to transfer to said court of appeals for hearing and determination such other civil causes now or hereafter and during the life of said last mentioned court pending before the supreme court on error as it may deem advisable, omitting however writs of error to county courts," etc.

To my mind this section shows that the legislature intended that all cases pending on error in the supreme court should remain there and by it be determined, unless that tribunal deemed it advisable to transfer such cases to this court for final hearing and determination, and it would seem that such intent is made more apparent by the fact that

the section further provides that even when the
supreme court has exercised such discretion by
transferring such causes to this court for determina-
tion, an unconditional right is reserved to either
party litigant or his attorney to have the same re-
turned at once to the supreme court for final deter-
mination.  All that is required is a mere request,
embodied in a written petition by one of the par-
ties, to be filed within a specified time.  This sec-
tion not only emphasizes the intent of the legisla-
ture to which I have last referred, but goes fur-
ther, as I construe it, and evinces a marked solicita-
tion for litigants in that it reserves to them the
unqualified right to have every judgment in a civil
cause which has been removed by writ of error to
the supreme court heard and finally determined by
that supreme tribunal.  It is true the section pro-
vides that this court may hear and determine any
such cause when transferred to it as aforesaid, but
either party may, as above shown, deprive this tri-
bunal of any right whatever to consider or deter-
mine the same.  If litigants neglect to avail them-
selves of this right they cannot complain.

Section six relates to remanding all causes of a
specified class from this court to the supreme court,
and authorizes writs of error from the latter to the
former court to review decisions of this court which
involve certain specified subjects and amounts.

Section seven provides that the court of ap-
peals shall have the power to adopt rules concern-
ing its procedure; that it shall be a court of record;
have a seal; and have power to issue all necessary
and proper writs and process in aid of its juris-
diction, etc., and contains other provisions concern-

ing practice and procedure. Section eight refers only to matters concerning removal of causes by writ of error to the supreme court from the lower courts. Section nine provides the time this court shall cease to exist. Section ten the repeal of all acts in conflict with this act, and section eleven declares an emergency exists.

In the foregoing cursory analysis of the act I fail to discover any language which in terms or by fair implication empowers this court to re-enter on error. Can such power be found to exist in other legislative enactments or in the decisions of our supreme court? In endeavoring to solve this question, the distinction between a cause removed to the supreme court by appeal and one removed there by writ of error should be kept in mind. The former proceeding is the continuation of an existing action, the latter a new proceeding in the nature of an original action. A right of appeal may be granted or abolished at any time by the legislature. At common law a writ of error was a matter of right. It is not so in this state. *San Miguel Con. Gold M. Co. v. Suffolk Gold M. & M. Co.*, 24 Colo., 468.

"Jurisdiction, when applied to the courts, is the power to hear and determine a cause." *Whipple v. Stevenson*, 25 Colo., 447.

It would seem that prior to the passage of code section 423 (revision 1908) the practice of re-entering a cause on error following its dismissal on appeal was not known. At the time the act was passed the former court of appeals was in existence. Prior to that time there must necessarily have been many cases of hardship resulting from dismissal of appeals after the three-year limitation on writs of

error had expired, and it is a plausible presumption that some industrious litigant, who had suffered from the necessary consequence of a dismissed appeal after three years, applied to the legislature for a remedy, which resulted in the passage of said act. The act was in direct terms made applicable only to the supreme court and the then existing court of appeals. *That* court of appeals had powei to issue writs of error to, and determine causes directly appealed from, the subordinate courts of record. No such power exists in this court. If, under the provisions of that act, a cause pending therein on appeal was shifted to one pending on error no question could arise as to the court's authority to redocket the case on error following dismissal of the appeal. The legislature gave that court full power, irrespective of the supreme court, to bring the record from below directly to its docket by force of its writ of error. By the terms of the act creating *this* court it was entirely problematical whether or not this court would ever have an opportunity to hear and determine a cause removed from a trial court by writ of error. Such right is entirely conditional upon the will of the supreme court. I attach more importance to this situation than seemingly does the majority opinion.

The case at bar reached the docket of this court because it was a cause pending on appeal in the supreme court, and that court was enjoined by legislative mandate to transfer it here. If the cause had been there pending on error instead of on appeal, it would have remained in that court for determination, and this court would have possessed no power to consider it in any manner, unless properly trans-

ferred here as a cause pending on error. It must
be conceded that if this cause is entered on the
docket of this court as one pending on error it is
not different from any other cause of like nature.
No astute reasoning can assign to it any other stand-
ing. It must be considered, treated and disposed
of, by the same rules of practice, procedure and con-
sideration, as any other cause of the same class.
It is not pending on appeal, because as such it has
been stricken from the docket. When such order
was made it was out of this court for any and all
purposes. Notwithstanding this fact it reappears
and we find it on the docket side by side with other
causes pending· on error which have been lawfully
transferred thereto by solemn act of the supreme
court. It appears to me that by a mere stroke of
the pen this court has legislated it onto its docket
as pending on error after all its jurisdiction had
been exhausted in striking it from its appeal docket.

I am at a loss to understand how this court may
lawfully assume to hear and determine a cause
pending on error unless it can say such case is one
which the supreme court in the exercise of its dis-
cretion transferred to this docket, as a cause which
had. been therein pending on error. As I believe
the law to be, no other answer can receive legal
sanction. By re-entering the case as pending on
error, and then proceeding to hear and determine
the same, the court appears to me to be doing in-
directly that which it cannot do directly, and to be
exercising unauthorized jurisdictional powers.

As I read the opinion of the court it finds ample
authority to sustain its conclusions in the code sec-
tion heretofore mentioned and decisions of our ap-

pellate courts therein cited. I cannot agree that the code section is applicable to the jurisdictional powers of this court. Neither can I agree that the decisions cited are authority to sustain the opinion under the situation existing here. If, at the time the code section was enacted, an act of the legislature was deemed necessary to confer authority to enter a cause on error, following its dismissal on appeal, on the supreme tribunal of the state, possessing as it did transcendent judicial powers, surely this court, limited both as to jurisdiction and judicial existence, must be able to point to some legislative enactment which clearly clothes it with equal authority. I feel that the framers of the bill creating this court either by intention or oversight omitted to directly confer on this court the power to re-enter a cause on error following its dismissal on appeal, and that such omission was fatal to the exercise of the right claimed for it in the opinion.

I am somewhat tempted to debate some of the matters stated in the opinion, but to do so would inexcusably prolong this already lengthly dissent. I have carefully read and considered the opinion of the court and all authorities therein cited, but find nothing therein to disturb the conviction I entertain. I do not think the cited case of *Bowling v. Chambers,* 20 Colo. C. A., 117, is very helpful in this discussion. Subsequent decisions of the supreme court germinate a doubt in my mind as to just what extent that decision can be considered authority on the question here raised.

I might further say that I find language in the court's opinion adverting to the hardships that would be entailed on litigants if a rule opposite to

that announced should obtain. I can readily concede this to be probable and would prefer to be influenced by the suggestions if I could feel warranted in so doing. It might be said, however, that such suggestions partake somewhat of the qualities of a two-edged sword. On the one hand the appellant secures an appeal to the supreme court, which, when challenged, proves to be defective or unauthorized and must necessarily be dismissed upon proper proceedings being taken for that purpose by his adversary. In such a case certainly the appellate court cannot be censured. The blame, if any, must be attributed to the appellant himself. An appeal being entirely a statutory right, it becomes incumbent upon one desiring to resort to that remedy to carefully search the statutes and therefrom ascertain whether or not he is entitled to an appeal. The law permitting appeals as well as the rules of courts applicable thereto are always accessible to a diligent party. If, by the exercise of reasonable diligence, the appellant discovers his cause is not appealable, he can at once resort to a writ of error, and thus protect himself from any error or injustice imposed upon him by the rulings and proceedings in the lower court. On the other hand has not the appellee a right to complain of the long delay he has been compelled to suffer? The matters of contention between himself and appellant having been decided in his favor in the lower court, may he not fairly insist that the appellant court should not turn a too willing ear to pleadings of his opponent for relief from a situation for which he is alone responsible, and in the creation of which appellee took no part?

The question before the court impresses me as one for serious consideration, and its solution involves the very right of the court to act in the premises. My convictions are based on the following propositions:

1st. The power of the supreme court and then existing court of appeals to re-enter a cause on error following its dismissal on appeal was conferred on those courts by a special act of the legislature, without which they possessed no such power, and cannot be extended to include the present court of appeals.

2nd. The authority and duty of this court, as well as the supreme court, to dismiss an appeal not authorized or properly taken, is not conferred by any code provision. The court is compelled to dismiss it for lack of jurisdiction when it is made to appear that the statute concerning appeals has not been complied with or the cause is one which is not appealable under the law.

I have a conviction that all this court can do in the premises is to dismiss the appeal without prejudice to a writ of error.

I have written the foregoing under considerable embarrassment, owing to the fact that I stand alone in the views expressed. The well known integrity and legal ability of my associates impels me to a sensitive appreciation of the unsought position in which my convictions have placed me.

Decided May 13, A. D. 1912. Rehearing denied June 10, A. D. 1912.