Cunningham, Judge.
Appellee has filed its motion to dismiss the appeal taken in this case, and in the same motion questions the authority of this court to re-enter the case as pending on error.
Appellant does not insist that its appeal can be maintained, and since it is from a judgment of dismissal, and does not relate to a franchise or freehold, it is clear that the appeal must be dismissed. But it is urged, on behalf of appellant, that, the case should be re-entered and reviewed as pending on error.
The judgment from which the appeal was taken was rendered May 9, 1908. The motion to dismiss the appeal now under consideration was filed February 7, 1912 — more than three years after the date of the judgment. Prior to filing its motion to dismiss, but more than three years subsequent to the date of the judgment, appellee entered a general appearance in the supreme court, where the case was then pending, and by filing its answer brief, joined issue upon the merits.
1. Before approaching the question of the authority of this court to re-enter any case on error, following its dismissal on appeal, we will first dispose of appellee’s contention that the'cause cannot *211 be re-entered on error, in any event, for the reason that its appearance was not entered until after the time for suing out a writ of error, under the three-year statute of limitations had expired. By entering a general appearance and joining issue upon the merits, though after the expiration of the three-year period in which a writ of error might have been sued out, appellee waived its right to invoke the statute of limitations. Haley v. Elliott, 20 Colo., 199.
2. Whether this court has authority, upon dismissing an appeal, where it appears that the court would have jurisdiction if the action had reached it on writ of error, to order the clerk to enter the action as pending on writ of error, and thereafter review and determine the cause, has been vigorously debated in briefs and on oral argument, in this and other cases pending before this court wherein similar contentions are made. This question has not, as yet, been squarely determined by us, and since our decision of this motion must affect many other cases, and unless reversed or modified, become and remain a rule of practice, we fully appreciate the gravity of the contention and the importance of a correct disposition of it.
It is true that the jurisdiction of this court is derivative in character, depending upon the proper interpretation of the statute creating it, and certain other statutes in pari materia.
The ordinary rules of statutory construction must be applied to the act from whence our jurisdiction springs. By an unbroken line of decisions our supreme court and the former court of appeals, as well as the courts of the land generally, have *212 held that in the interpretation of a statute the legislative purposes and objects are always to be borne in mind, and an indispensable requisite is to first inquire what objects and purposes were sought to be accomplished by it. The objects and purposes of the statute creating this court have been happily stated by Mr. Justice Musser, who wrote the majority opinion in the case of People v. Scott (Colo.), 120 Pac., 126. In discussing said statute in the Scott case, it was said:
“The docket of this court, the supreme court, was congested to such an extent that the delay incident to such a condition was regarded and felt by many to be a denial, of the right guaranteed by our constitution to a remedy for every legal injury, and to enjoy that remedy without delay. It was to relieve this serious condition, and to afford that speedy determination of causes assured by the constitution that the new court was created. * * * So that beyond question the paramount object of this act was to relieve this serious situation and to immediately' begin the work of such relief.”
To hold, in this and similar oases, that no authority is vested in this court to re-enter the same as pending on error, would indeed be a speedy determination of such causes, but it seems reasonably probable that the remedy would not be enjoyed by those who lost their right to have their causes reviewed, as they might have been reviewed, by the supreme court, but for the legislative enactment creating this court. In Colorado I. W. v. Sierra Grand M. Co., 15 Colo., 499, it is said:
“A proper regard to the administration of justice, the interests of trade and commerce, and to the *213 rights of citizens, requires that the jurisdiction of courts be sustained and not circumscribed,- except by the necessity of law.”
We think no one will contend that it was within the intention of the legislature by the creation of this court to deny to certain litigants rights or privileges which they, at that time enjoyed;'that is to say, it was not supposed by the legislature that it was adopting an act that would summarily dispose of, without review or consideration, a class of cases transferred by the supreme court to this court, when, had those cases been permitted to remain in the supreme court, a review was made mandatory by the provisions of the code. To place this interpretation on the act of 1911 would be to impute to the legislature an unworthy motive. In Bradley v. People, 8 Colo., 603, it is said that:
“Unless the intention is too palpable to admit of doubt, duty and respect to the legislative body require that the judiciary should not adjudge unnatural or unjust consequences as within the contemplation of the law.”
Nor should a construction of a statute be adopted which-produces unreasonable, absurd, unjust or oppressive results, if such interpretation may be avoided.
People v. DeGuelle, 47 Colo., 18; Wike v. Campbell, 5 Colo., 131.
Sec. 423 Civil Code (R. S.) reads as follows:
“Whenever the supreme court or court of .appeals shall dismiss an appeal for lack of jurisdiction to entertain the same, and it appearing that the court would have jurisdiction if the action had come up on writ of error, the court shall order the *214 clerk, without additional fees, to enter the action as pending on writ of error, and thereupon all the proceedings shall be such as if the action had originally been brought to the court on writ of error; .and in such case the court may, upon proper showing, order a supersedeas bond to be filed in place of the appeal bond. ’ ’
(It is conceded that the court of appeals referred to in the above section was the old court of appeals, and no contention has been made, nor is it our understanding, that this court is a continuation of the former court of appeals.)
Sec. 423 Civil Code (R. S.) is generally understood by the profession to be a part of our Code of Civil Procedure, and while there is no express -provision in the act creating the court of appeals that the code shall govern it, the decision in Long v. Sullivan, 21 Colo., 109, is authority, if any were required, for holding that the Code constitutes our chart in matters of practice and procedure; indeed, only by invoking the provisions of the preceding section — 422—and holding the code to be our source of authority in such matters, are we authorized to entertain or grant appellee’s motion to dismiss this appeal. We are quite unable to perceive either justice or logic in the contention that sec. 422 constitutes a refuge for appellee, while sec. 423 is not available to appellant,- and beyond our jurisdiction to apply.
If this case had been pending on error in the supreme court at the time that court transferred it to the docket of this court, there can be no question, under such circumstances, of the jurisdiction of this court over the cause (subject, of course, to the right *215 to have the same remanded under the provision of the act). The mere fact that the action chanced to be .pending (in the supreme court) on appeal which had been improvidently prayed, allowed and perfected, cannot, we believe, affect our jurisdiction in the premises. In Bowling v. Chambers, 20 Colo. App., 117, referring to Sec. 388A M. A. Code — being sec. 423 R. S., it is said:
“The jurisdiction of this court to entertain this matter if it had come up on writ of error must be conceded, and we think that the case falls within the mandate of the above quoted section of the code.”
We think it is no answer to this argument to say that the old court of appeals that decided the Bowling case was given jurisdiction to issue writs of error to lower courts, and that it had jurisdiction generally to hear and determine 'causes coming directly to it from the lower courts on error. Jurisdiction in this behalf was no more clearly bestowed upon it than is jurisdiction bestowed upon this court to hear and determine error cases transferred to it by and from the supreme court. In other words, the distinction seems to bé purely adverbial, or one of direction, that is to say, the Boivling opinion refers to cases which came up to it, the old court of appeals, on writ of error, while the error cases which this court is given jurisdiction to hear and determine, came over to it, but it is not believed that the manner of acquiring jurisdiction is controlling.
In the Long case, the supreme court held a certain section of our code, namely, sec. 397, was applicable to the former court of appeals, notwithstanding the act creating that court did not, in terms, *216 attempt to make the section applicable to cases appealed to that court. In the course of its opinion in the Long case, the court used this language:
“This act (meaning the act creating the former court of appeals) was passed for the purpose of .relieving the over-burdened docket of this court.”
(Meaning the supreme court.)
After referring to the various sections of the old court of appeals act, many of which are strikingly similar to the sections of the act creating the present court of appeals, the supreme court, in the Long case, says:
“These sections of the act show beyond controversy that it was the intention of the legislature ■to provide a practice for the court of appeals similar to the practice in the supreme court. This conclusion also finds support in those provisions of the act which allow certain cases to be transferred from the supreme court to the court of appeals. This transfer of cases from one court to the other presents, of itself, a strong argument in favor of the uniformity of practice contended for by appellee.
Next the supreme court, in the Long case, takes up section 24 of article V. of the state constitution, which reads as follows:
“Sec. 24. No law shall be revised or amended, or the provisions thereof extended or conferred, by reference to its title only, but so much thereof as is revised, amended, extended or conferred shall be re-enacted and republished at length.”
The supreme court reached the conclusion that its holding was not in violation of this section of the constitution, saying on this subject:
“If appellant’s contention be sustained, then *217 every time a new court is created, the entire code must of necessity be re-enacted to make it operative on such court, and our already cumbersome statutes would be increased in volume until it would be difficult to ascertain the law upon a given subject.”
It is further suggested in the Long case that the subject was not one of first impression, but had been determined in Denver Circle R. Co. v. Nestor, 10 Colo., 403.
It must be assumed that the legislature, in passing the last court of appeals act, had in mind the decision of the supreme court in the case of Long v. Sullivan, and therefore, indulged the warrantable conclusion that it was not necessary to incorporate into the act a section which, in so many words, specifically conferred upon this court the right to reenter a cause as pending on error, when, for any reason, the- appeal taken in such cause had been dismissed for want of jurisdiction in the court to hear and determine the same upon appeal. The intention of the legislature to confer upon this court such authority is further manifested in sec. 7 of the act, which specifically provides that the court which it was creating should be governed in matters of practice and procedure by the same rules and regulations governing the supreme court, in so far as the same were practicable or applicable.
But, as we view the act, we are not driven ta any doubtful statutory construction in order to sustain our jurisdiction to re-enter this cause as pending on error. Section 3 of the act, as we read it, clearly confers such jurisdiction. Sec. 3 of the act reads as follows: ■
*218 “Said court of appeals shall have jurisdiction to review and determine all judgments in civil causes now pending upon the docket of the supreme court, or wherein appeals were perfected prior to the taking effect of this act, or that may hereafter and during the life.of the court of appeals be taken to the supreme court for review, save and except writs of error to county courts.”.
There can be no question that the judgment before us was rendered in a civil cause; that it was pending upon the docket of the supreme court is admitted, and it was not' pending upon a writ of error to a county court. If the English language means anything, then this section conferred upon this court power to review and determine this judgment. Sec. 3, therefore, clearly vests this court with initial jurisdiction; and the act does not limit or prescribe the method which we shall pursue in reviewing and determining the cause, except that our procedure shall be, in so far as practicable, similar to that of the supreme court. Sec. 7 provides in part that:
“The court of appeals shall have the power to adopt rules regulating the procedure therein, in the same manner and with like effect as the supreme court; provided that such procedure shall be, so far as practicable, similar to that of the supreme court. It shall be a court of record and have a seal, and shall also have power to issue all necessary and proper writs and process in aid of its jurisdiction in the same manner and with the same effect as the supreme court.”
Sec. 4 of the act provides that all appeals pending in the supreme court, and all appeals that had *219 been perfected but not docketed in that court, should, upon the taking effect of the act creating this court, be transferred by order of the supreme court to the docket of this court “for hearing and determination.”
Thus, it appears plainly from the wording of the act creating this court, that the legislative intent was that this court should “hear and determine,” as expressed in sec. 4, and “review and determine” as expressed in sec. 3, all cases transferred by the supreme court to the docket of this court (unless the same were remanded to the supreme court). Therefore, it would seem that the jurisdiction confessedly vested at one time in the supreme court to review this cause, has not been dissipated and altogether lost by virtue of the transfer of the case under the mandate of the statute to this court; and since, as we read the statute, it confers upon us the authority and duty to reenter this cause as pending on error, the order will be- that the motion to dismiss the appeal be granted, the appeal dismissed, and the cause re-entered as pending on error.
Appeal dismissed, and cause re-entered as pending on error.
Htjrlbut, Judge, dissents from so much of the opinion as pertains to the right of this court to reenter the case as pending on error.