[No. 7986.]

THE PEOPLE, EX REL THE ROCKY MOUNTAIN NATIONAL
BANK ET AL. v. THE COURT OF APPEALS.

COURT OF APPEALS—*Docketing as a Writ of Error an Appeal Dismissed as not Appealable*—Nothing in the act establishing the court of appeals deprives a litigant of any right which he might have exercised had the cause remained in the supreme court. That act, sec. 423 of the Revised Code, and the saving clause in the act repealing it (Laws 1911, c. 6, sec. 25) are *in pari materia.* Therefore, where an appeal to the supreme court perfected before the act establishing the court of appeals took effect, is dismissed in that court, as non-appealable, the court may, the appellee having appeared, order it docketed as a writ of error.

*Petition for writ of certiorari and prohibition.*

C. W. WATERMAN and H. A. HICKS, attorneys for petitioners.

HENRY J. HERSEY, ARTHUR PONSFORD, WM. E. HUTTON, DAYTON & DENIOUS, attorneys for respondent.

· The California Milling & Mining Company Ltd., et al, commenced an action in the district court of Gilpin County against the Rocky Mountain National Bank, and others. To the amended complaint of plaintiffs separate demurrers were interposed by the defendants and sustained. Plaintiffs elected to stand by their complaint, and their action was dismissed. From this judgment they prayed an appeal to this court, which was perfected before the act creating the present court of appeals took effect. Such proceedings were had and steps taken that the cause was at issue in the supreme court some time prior to the date when the court of appeals act went into effect. When this act became effective and the court thereby created was organized, the supreme court by virtue of the mandate of the court of appeals act, transferred the case with others to the court of appeals. Such proceedings were thereafter had in that tribunal that

the appeal at the instance of the appellees was dismissed, for the reason that the cause was not appealable, but at the request of the appellants the case was entered as pending on error.—*California Milling & Mining Co. Ltd. v. The Rocky Mountain National Bank,* 22 Colo. App. 237, 124 Pac. 590.

Thereafter the appellees filed in this court their petition for writ of certiorari and prohibition. In their petition they narrated the facts above stated, their contention being that under the court of appeals act, when a cause was dismissed upon the ground that it did not involve any questions which the plaintiffs in the trial court could have reviewed on appeal, that the court of appeals was without authority to enter and determine the case as pending on error. The respondent was ruled to show cause why the writ should not issue. To this petition the court of appeals and the plaintiffs, the real parties in interest, filed their separate demurrers, based upon the ground that the petition did not state facts which entitle the petitioners to the writ prayed for.

Section 3 of the court of appeals act, session laws of 1911, 266, is as follows: "Said court of appeals shall have jurisdiction to review and determine all judgments in civil causes now pending upon the docket of the supreme court, or wherein appeals were perfected prior to the taking effect of this act, or that may hereafter and during the life of the court of appeals be taken to the supreme court for review, save and except writs of error to county courts." Section 4 of the act provides *inter alia,* "All such appeals shall immediately upon organization of the court of appeals or thereafter and upon the docketing thereof, be transferred by order of the supreme court to its docket for hearing and determination." Section 388a, Mills Code, being section 423 of Revised Code of 1908, is as follows: "Whenever the supreme court or court of appeals shall dismiss an appeal

for lack of jurisdiction to entertain the same, and it appearing that the court would have jurisdiction if the action had come up on writ of error, the court shall order the clerk, without additional fees, to enter the action as pending on writ of error, and thereupon all the proceedings shall be such as if the action had originally been brought to the court on writ of error; and in such case the court may, upon proper showing, order a super· sedeas bond to be filed in place of the appeal bond.'' At the same session that the court of appeals act was passed, there was also enacted an act entitled ''Appeals and Writs of Error,'' session laws 1911-9. Section 25 of this act repealed certain designated sections of the civil code, among which was section 423, but with a saving clause that this act ''shall in no manner affect any cases in which an appeal has been perfected or· a writ of error has been sued out before the time when this act takes effect.''

Mr. Justice Gabbert delivered the opinion of the court:

The only question presented for determination is the authority of the court of appeals to enter and consider as pending on error an appealed case transferred to it by the supreme court, which was not appealable, where the appellee has joined in error. The determination of this question depends upon whether section 388a, Mills Code, confers this authority.

When the former court of appeals was in existence, questions frequently arose under the act defining the jurisdiction of that tribunal on the subject of the jurisdiction of the supreme court and the court of appeals to review a case on appeal or on error. To obviate the results which would follow the mistake of a party in taking a case to either of these courts by appeal, when on investigation it was found that the cause was not appealable, but the court to which it was taken had juris-

diction to consider it on error, the section of the code mentioned was enacted. It was repealed by the act of 1911, because thereby appeals were abolished, and the court of appeals was no longer in existence, but with the saving clause that it should not in any manner affect any cause in which an appeal had been perfected prior to the time the act took effect. The object of this proviso was to save to parties who had appealed causes to the supreme court, which it did not have jurisdiction to consider on appeal, the right therefore given to have such causes entered and reviewed as pending on writ of error.

The act creating the present court of appeals was passed at the same session. Nothing was said in that act relative to the saving clause in the section of the act repealing section 388a. That clause stood unchanged.

The sole purpose, however, of the act creating the court of appeals was to establish an auxiliary tribunal to aid in the disposition of causes pending in the supreme court. To accomplish this, the act vested the court of appeals with jurisdiction to hear and determine all judgments in civil causes pending in the supreme court, or wherein appeals had been perfected prior to the date the act took effect, with certain exceptions which are not material in the present case, and made it obligatory upon the supreme court to at once transfer to the court of appeals for hearing and determination, all such appeals when that court was organized. Nothing appears in the act which deprives litigants of any rights they could have exercised had their causes continued on the docket of the supreme court for final disposition, instead of being transferred to the court of appeals. On the contrary, when the purpose and scope of the act are considered, the necessary logical conclusion is, that causes pending on appeal in the supreme court when transferred to the court of appeals were to be heard and determined by the latter tribunal, so far as any question

in this case is involved, precisely as though such causes had remained on the docket of the supreme court, and hence section 388a, and the proviso in repealing it must be read *in pari materia* with the court of appeals act. Thus read and construed authority is conferred upon the court of appeals, in the circumstances of this case, to enter as pending on error a cause which was not appealable and likewise determine it as thus entered on its merits.—*Western Lumber & Pole Co. v. City of Golden,* 22 Colo. App. 209, 124 Pac. 584.

On behalf of petitioners it is urged that because the jurisdiction of the court of appeals is derivative only, it is without authority to issue a writ of error and, therefore, does not have jurisdiction to enter an appeal as pending on error. That question is not involved.

The code section requiring a cause not appealable to be entered as pending on error does not necessitate the issuance of a writ of error or *scire facias* when so entered, where the appellees have joined in error, but jurisdiction of defendants in error is conferred by their appearance as appellees.—*People v. Horan,* 34 Colo. 304; 86 Pac. 252; *Bowling v. Chambers,* 20 Colo. App. 113; 77 Pac. 16.

Jurisdiction of appellees attached by their appearance in the supreme court and continued when the appeal to which they were parties was transferred to the court of appeals.

What the authority of the court of appeals may be where the appellees have not appeared and joined in error is not involved, and upon a case presenting that fact we do not express any opinion.

The rule to show cause is discharged and the proceedings dismissed.

Decision *en banc.*

*Rule discharged and proceeding dismissed.*

Mr. JUSTICE SCOTT not participating.