**[No. 3959.]**

WHIPPLE, SECRETARY OF STATE, v. STEVENSON ET AL.

1. JURISDICTION—CONSENT OF PARTIES.

Jurisdiction over the subject-matter of a cause cannot be conferred by consent of parties, and the court will take notice of the want of jurisdiction *sua sponte*, though the question is not raised by the parties.

2. SUPREME COURT—JURISDICTION.

The jurisdiction of the supreme court is limited to appellate, and a general supervisory control over inferior courts, and original jurisdiction to issue certain specific remedial writs, amongst which is the writ of injunction. Unless a case is one of the character in which one of the contemplated remedial writs may issue the supreme court is without power to entertain original jurisdiction of it.

3. ELECTIONS—POLITICAL PARTIES—NAME AND EMBLEM—JURISDICTION.

Where two political factions, each claiming to represent a political party, filed with the secretary of state certificates of nominations for state offices, each claiming the same party name and emblem, and upon objections being filed, the secretary of state decided between the factions, and awarded the name and emblem to one of them, to review which ruling an action was pending in the district court, the supreme court had no jurisdiction to entertain an original proceeding upon petition by the secretary of state, making the chairmen of the respective factions respondents, to determine who was entitled to the name and emblem and to enjoin respondents and their associates and nominees and subordinate organizations under them from further contesting or litigating the matter, either before petitioner or before any district court or county recorder pending the proceeding.

*Original Action in this Court.*

THIS is an original proceeding instituted in this court by the petitioner in his official capacity as secretary of state, against the respondents, who are severally sued in their several capacities as chairmen and as the representatives of the two factions, each claiming to lawfully represent that voluntary political organization known as the Silver Republican party in the state of Colorado. The petition filed is voluminous, but for the purpose of understanding the character of the action, and the disposition of the one question which will be determined, namely, the authority of the court to assume original jurisdiction of the action, it is not deemed necessary to notice its averments at any considerable length. In brief, it appears that conventions have been held by each of these factions, and nominations of different persons made for state officers, by each; and that each has adopted the same emblem used by the party at the last general election; that one of these conventions selected the respondent Stevenson, and the other the respondent Broad, as the respective chairmen of the respective state central committees of these several factions, for the ensuing two years, and that certificates of the nominations made by each convention have been tendered petitioner in his official capacity, each claiming that the nominees thereby named are those made by the lawful convention of the Silver Republican party, and entitled to its name and emblem; that objections and protests have been filed with him against each of these certificates, upon which. hearings were had, the testimony in each being the same, and decisions rendered by him, declaring that the convention of the faction represented by the respondent Stevenson was the lawful one of the Silver Republican party, and that the faction represented by the respondent Broad dissatisfied with such decisions, has filed a petition in the district court for the county of Arapahoe, citing petitioner to appear and respond to the objections specified to such decisions. It is also averred that since these decisions numerous contests over the same issues between minor officials of the same contending factions have been presented petitioner in his official capacity for de-

termination, in each of which his decision was the same as those above noticed; and that the faction represented by the respondent Broad is about to institute proceedings in the several proper district courts, for the purpose of having such rulings reviewed, and that it is his belief that like contests will arise between the same factions over nominations, certificates of which will be filed with the county clerks and recorders of the different counties of the state in which the questions involved will be similar to those already determined by him, and that by reason of the great number of such contests now pending, or which may be instituted, all of which may be retried by the defeated party before the *nisi prius* courts upon new and additional evidence from that heard by the tribunal in which such contests were initiated, he and the other officers named may be subjected to the necessity of obtaining a review of such cases by this court, in order to secure a uniform and final determination of the questions involved, and that the time thus consumed will prevent him from complying with the duty imposed to timely certify nominations to the respective counties; and likewise prevent the proper election officers from printing and distributing the official ballots in the time required by law. In addition to this inconvenience and detriment, petitioner avers that he will be subjected to a multiplicity of suits, and to the costs and expenses incident to matters concerning which he has no personal or official interest, save and except as the instrument of the law, in the discharge of the duties imposed upon him as such official.

The facts upon which the respective factions rely for recognition as the lawful convention, are also stated. Petitioner avers that by reason of the facts set forth, he is without any adequate remedy at law, and prays this court take original jurisdiction of the cause, and order respondents in their respective representative capacities, to appear and interplead for the determination of their several claims, and that pending its final determination, each of the respondents, their agents and associates, and all the organizations of the respective factions, and their nominees throughout the state, be en-

joined from further contesting or litigating over the issues involved, either before petitioner or any clerk or recorder, or any district court, and that on final hearing, such injunction be made perpetual, as against the unsuccessful respondent, his associates, and the organizations of his faction and their nominees.

On presentation of this petition, the respondents were ruled to show cause why this court should not take original jurisdiction of the action, for a return to which respondent Stevenson says he has no cause or reason to urge against the rule. For answer respondent Broad says that the court should not take original jurisdiction because the subject-matter of the controversy does not relate to a public right; that there is a speedy and adequate remedy at law for the controversies mentioned; that the multiplicity of suits suggested do not exist between the parties to this proceeding, but are between those who are not, and whose duties and rights rest upon an entirely different state of facts from those stated in the petition.

Mr. BYRON L. CARR, attorney general, Mr. CALVIN E. REED and Mr. JAMES H. BROWN, for petitioner.

Mr. VICTOR A. ELLIOTT and Mr. JAMES H. BLOOD, for respondent Stevenson.

Mr. JOHN R. SMITH, Mr. THOMAS WARD, Jr., and Mr. W. T. JENNISON, for respondent Broad.

MR. JUSTICE GABBERT delivered the opinion of the court.

It will be observed that the question which petitioner seeks to have determined in this proceeding, is, which of the respective factions is entitled to the name and emblem of the Silver Republican party? When the petition was first presented on application for rule to show cause why the court should not take original jurisdiction, counsel for respondent Broad strenuously insisted that the questions involved were such

that this court could not take jurisdiction of the action; and while in answer to the rule they do not admit that the court can assume jurisdiction, they did state in oral argument, at the time when this question was presented, that it had, but insisted that it should not be exercised for the reasons suggested in their answer. Jurisdiction cannot be conferred by consent, *Filley v. Cody*, 4 Colo. 109, for the law alone can confer jurisdiction over the subject-matter of a cause: *Molandin v. Colo. Central R. R. Co.*, 3 Colo. 173; *McKinnon v. Hall*, 24 Colo. 391; and want of jurisdiction will be noticed *sua sponte*, though the question is not raised by the parties: *McKinnon v. Hall, supra;* so that, notwithstanding the attitude of the parties on the question at this time, it is still proper and necessary for this court to determine.

Jurisdiction, as applied to a court, is the power to hear and determine a cause: Bouvier; *Bassick N. Co. v. Schoolfield*, 10 Colo. 46; and unless it is clothed with such power over the subject-matter of the action and the parties, its proceedings in that particular cause will be void: 12 Enc. of Law, 311; and, therefore, the question becomes one of prime importance in this case. By the constitution, the jurisdiction of this court is limited to appellate, and a general supervisory control over inferior, courts, except such original jurisdiction as is thereby specially conferred. Secs. 2 and 3, art. VI, Const.; *Wheeler v. N. C. I. Co.*, 9 Colo. 248. Section 3 of the constitution provides, that this court shall have power to issue certain specific writs, among which is included that of injunction, and is also empowered to issue " other original and remedial writs." It was clearly the intent of the framers of the constitution to limit the original jurisdiction of this court to those cases in which the writs thereby contemplated might issue; and unless a given case is of that character that one of such writs may issue, this court is without power to entertain it in the first instance. *Wheeler v. N. C. I. Co., supra; People v. McClees*, 20 Colo. 403; *Foster v. Moore*, 4 Pac. Rep. 850; *King v. Hall*, 66 N. W. Rep. 642; *State v. Archibald*, 66 N. W. Rep. 234. Such being the rule by which to deter-

mine the original jurisdiction of this court, it only remains to ascertain whether or not the cause is of that character that any of the writs embraced within the section of the constitution defining its original jurisdiction, may issue.

Petitioner prays that pending the final determination of this action, each of the respondents, their agents and associates, and the subordinate organizations of the respective factions and their nominees throughout the state, be enjoined from further contesting or litigating over the questions involved, and that on final hearing such injunction be made perpetual, as against the unsuccessful respondent, his associates and the subordinate organizations of his faction and their nominees. Petitioner institutes this action in his official capacity. It was said in argument, that his petition was in the nature of a bill of interpleader, but it has none of the elements of that character of action. True, according to the averments of the petition, both parties are claiming the same name and emblem, but the law imposes upon him, as a tribunal, the duty of determining which is entitled to the subject-matter of the controversy, and he is not, therefore, in the attitude of having conflicting claims made to a subject in dispute in his possession, in which he has no interest and in relation to which he is under no obligation to either party; and, therefore, he is not entitled to an injunction, either temporary or permanent, enjoining the respondents from litigating the question as to which is entitled to the name and emblem of the party, in so far as it depends upon the two state conventions, or pursuing that method of procedure which the law provides for the determination of disputes of this character, and therefore, no facts are pleaded which entitle him to maintain this action as against either of the respondents, in so far as the questions involved depend upon the proceedings of the two state conventions, and if this action should be permitted to proceed, it would be one at law between the respondents, in which the one question to settle would be, which is entitled to the name and emblem of the Silver Republican party, a question petitioner has already settled in

so far as the law imposes upon him that duty, and to review which ruling upon his part, an action is now pending in the district court of Arapahoe county.   A determination of this case would be limited to the rights of the respective respondents to the name and emblem of the party only so far as such determination was based upon the facts relating to the two state conventions, and would not necessarily settle others between these parties over nominations made by the subordinate organizations or conventions of the respective factions, for every case of this character must be determined according to its own particular facts, and on the case presented, respondents, as between themselves, would not be entitled to a writ of injunction, either preliminary or permanent, in any manner affecting or enforcing their rights to the name and emblem of the party upon the state ticket; and for the reasons already given, that nominations for subordinate positions on the official ballot under this name and emblem in case of a controversy in relation thereto, may be determined independent of any action of the state conventions, no such writ could issue in regard to these matters; and although petitioner prays for the issuance of such other appropriate writs, either temporary or permanent, as shall seem meet and proper, in order to grant relief in the premises, no writ is suggested by counsel other than that of injunction, which could be issued in this case; and as such writ cannot issue at the instance of either of the parties to this action, for the purpose of enforcing the rights of the successful party to the subject-matter in dispute, if such right was determined by this court, nor any other writs embraced within the provisions of the constitution, it follows that the case presented is not one of which this court can take original jurisdiction.

*Petition dismissed.*

GODDARD, J., dissents.

CAMPBELL, C. J., concurring specially.

In the conclusion reached by Mr. Justice Gabbert I con-

cur. He has clearly demonstrated that the petitioner has no standing in this court. In reaching this conclusion, however, I must not be understood as adopting all his reasoning, particularly withholding my indorsement of the statement in the opinion to the effect that the rights of subordinate organizations or conventions of the respective state factions with respect to the use of the party name and emblem are to be, or may be, determined independent of the action of the respective state conventions. This, however, is not the proper place for a lengthy discussion of this proposition, and my views upon it will be found in the dissenting opinion in the case of *Twombly v. Smith, ante,* p. 425.

Upon several other, and quite different, grounds from that given in the foregoing opinion can the decision, to my mind, as well be put. One point strongly urged in argument by counsel for the petitioner and counsel for the respondent Stevenson, who joins with him in asking for the rule, is that the decision of the pending dispute between the rival state factions of a party over the right to the use of the party name and emblem for the state ticket nominated by the state convention, will settle the same right for all the subordinate organizations of the party, such as those which have nominated tickets in the congressional, senatorial and representative districts, and the several counties and precincts of the state.

The argument is that a political party is a unit whose expression in this case is represented by a ticket nominated by the state convention of the party, the highest authority therein, and this unit is made up of the sum total of its integral parts represented by its state, congressional, senatorial, representative, county, and precinct tickets, and that the rights and limitations of the subordinate integral parts must depend upon, and be governed by, the rights of the parent body which includes them all.

Conceding this proposition to be true, and if, for the present purpose only, the further concession be made that this court has lawful jurisdiction to entertain this controversy,

still this is no reason why the court should exercise it; for if the effect claimed for a decision respecting the ticket of the state convention is conclusive as to all subordinate divisions of the party in their conventions, then the decision pronounced by this court upon the question in reviewing a judgment of an inferior court will be attended with the same result as though made in a proceeding begun here. This court has not the facilities for taking testimony and trying a cause in the first instance that are possessed by the inferior courts, and even when jurisdiction clearly exists, as where a public right, affecting a sovereign state, is involved, it should not be exercised except in extraordinary cases, among which this is not to be classed.

The legislature has passed an act providing a special tribunal (and the procedure therein to be observed) for hearing controversies like that before us, and the parties should be required to conform to it. Thereby the secretary of state is made a special tribunal for determining them; and, as a matter of fact, the precise question which he asks us to decide, upon the ground that a multiplicity of suits will be avoided, he has already passed upon, and his judgment is now undergoing a review in the district court of Arapahoe county, and can be reviewed here, in ample time before the election, to protect the rights of all concerned. As well might the district court upon which is conferred jurisdiction to hear and determine any kind of controversies, come into this court and ask us to assume original jurisdiction in a particular case, so that it, as an inferior court, may have a guide for determining a number of other similar controversies which it apprehended might, in the due course of litigation, come before it for trial. The position of the petitioner here is even less meritorious than the supposed case, for, as we have said, he has already determined the very controversy, and his decision is being reviewed in the district court. Merely because a decision of this court will be controlling in all subsequent similar controversies that may come before him and the various county clerks and inferior courts, and thus relieve them from exercising an inde-

pendent judgment of their own, is no reason why we should countenance the evasion by them of a plain statutory duty which they are commanded to perform.

For these, and other, reasons that might be given, do I concur in the ·judgment dismissing the proceeding.