[No. 4370.]

VELASQUEZ ET AL. V. ZIMMERMAN ET AL.

30   355
18a 386

**Towns—Incorporation—Contesting Validity—Quo Warranto.**
A contest of the validity of the proceedings incorporating a
town cannot be inaugurated by filing objections thereto in the
county court in which the incorporation proceedings are had,
but such contest must be made by quo warranto.

*Error to the County Court of Archuleta County.*

Mr. I. B. MELVILLE and Messrs. PONSFORD &
SHELDON, for plaintiffs in error.

Mr. CHARLES A. MERRIMAN, for defendants in
error.

Mr. JUSTICE STEELE delivered the opinion of the
court.

Certain of the inhabitants of Archuleta county,
desirous of being incorporated into an incorporated
town to be known as Pagosa Junction, filed their pe-
tition in the county court of said county. This peti-
tion was signed by thirty-nine persons, who repre-
sented that they were the *owners of or had interests*
in the territory described in the petition. Accom-
panying the petition was a map of the territory pro-
posed to be embraced within the limits of the town.
On the day the petition was filed, the county judge ap-
pointed five persons to act as commissioners, as pro-
vided by the statute. In an affidavit filed with the
petition it is alleged that there are at least three
hundred *bona fide* residents and inhabitants of the
territory proposed to be included within the limits of
the town. The election was held January 3, 1901,
resulting, as is shown by the certificate of the com-
missioners, in a vote of 48 for and 8 against incorpor-
ation. Thereafter objections were made, and by
stipulation between the parties no further steps were

taken until January 15, 1901. On that day a hearing was had upon the objections filed, and testimony was taken. From the testimony it appears that the territory sought to be embraced within the limits of the town was not owned by the persons signing the petition for incorporation; that a portion of the land had been allotted by the Government to certain Indians, and that other portions were covered by homestead entries. The objections were overruled, and the objectors bring the case here by writ of error. The persons filing the objections are made plaintiffs in error, and the commissioners appointed by the court are made defendants in error.

Counsel contend that section 4364 of 3 Mills' Annotated Statutes requires that the petition shall be signed by land owners, and that no other person is entitled to petition the county court for the incorporation of a town, and that unless it appears from the petition itself that thirty land owners are desirous of having the territory shown upon a map incorporated into an incorporated town, the court has not jurisdiction to appoint the commissioners. The statute does appear to provide that only land owners shall have the privilege of filing the petition, but a careful inspection of the statute convinces us that the remedy pursued by the plaintiffs in error is not the proper remedy. In the first place, there is no person here representing the persons who signed the petition. True, the commissioners appointed were also petitioners, but we know of no authority which authorizes the selection of a few of the persons interested in a proceeding such as this as defendants in error. The statute does not appear to vest the county court with judicial powers to hear objections or render a judgment of any character, either when the petition is filed or when the report is made by the commissioners of election, and the authorities cited by counsel which

hold that a writ of error lies from a judgment of a county court in annexation proceedings are not applicable, for the statute fixing the procedure in annexation proceedings permits the court to hear evidence at the time of filing the report of the election judges touching the regularity of the proceedings, and to enter judgment for or against the petitioners after the hearing upon such petition, but in this case no such procedure is provided by statute. Section 4365, Mills' Annotated Statutes, provides that "When such petition shall be presented, the court shall forthwith appoint five commissioners, who shall at once call an election of all the qualified electors residing within the territory embraced within said limits as described and platted." It then provides that the commissioners shall publish a notice of such election, that the commissioners shall be the judges of the election and that they shall report the result of the ballot to the court aforesaid. It seems to us that the legislature did not contemplate, in the enactment of the statute, that a contest should be inaugurated in the county court, but that the persons aggrieved should resort to some other remedy.

If it is true, as counsel allege, that section 4364, 3 Mills' Annotated Statutes, has been violated—if it is true that the persons who filed the petition are not entitled under the statute to file such petition, or if it is true that a tract of land consisting of forty acres or more is included within the limits of the incorporated town and that the consent of the owner of said forty acres was not obtained thereto,—it seems to us that the person or persons who were injured by the incorporation of the town can contest the validity of the proceeding by *quo warranto*.

Believing, as we do, that no judgment has been rendered by the county court, the writ of error is dismissed.                                    *Dismissed.*