[No. 2807.]

ELDRED v. JOHNSON.

**Towns — Incorporation—Contesting Validity—Jurisdiction—Mandamus.**

In a proceeding to incorporate a town the county court has not jurisdiction to consider a protest against the incorporation on the ground that the petitioners for incorporation are not land owners as contemplated by law. And where a county judge refused to furnish the petitioners a certified copy of such proceeding to be filed in the recorder's office, on the ground that subsequent to holding the election and publishing the result a protest had been filed, mandamus will go to compel him to certify the proceeding.

*Error to the District Court of Fremont County.*

Mr. CHARLES D. BRADLEY and Mr. JOSEPH H. MAUPIN, for plaintiff in error.

Messrs. YEAMAN and GOVE, for defendant in error.

WILSON, P. J..

This case involves a review of the proceedings of the county court of Fremont county in the matter of an attempted incorporation of the town of Chandler, situated in said county. The statute controlling such proceedings will be found in 3 Mills' Ann. Stats., section 4364, and 2 Mills' Ann. Stats., secs. 4365 and 4366. It appears that all the requirements of the statute had been complied with except the making and filing in the recorder's office of the county, of a certified copy of all papers and record entries relating to the matter of the incorporation, on file in the office of the clerk of the county court, as specified in section 4366. This was the final act to be done, and when this was complete, the incorporation would be perfected. Upon application to the county judge by the defendant in error in behalf of himself and other petitioners for incorporation, for a certified copy of these papers and entries so required to be filed in the recorder's office, it was refused upon the ground that subsequent to the holding of the election and the publication of the result, an elector and taxpayer within the limits of the proposed town had filed a protest, the ground of which was in effect that the petitioners for incorporation were not land owners such as was contemplated by law. The defendant in error then applied to the district court for a mandamus to compel the county judge to make out and deliver the required certified copy of the papers and entries in the matter of the incorporation. The writ was issued, and the proceeding in this mandamus case is brought for review on error.

The case comes before us at the present time on application of the plaintiff in error that the writ of error be made a supersedeas. The granting or refusal of the supersedeas depends upon the character of the duties imposed upon the county court in the proceedings for incorporation. This has already been passed upon and determined by the supreme court in a decision handed down at its last term.—*Velasques et al. v. Zimmerman et al.*, 30 Colo. 355, 70 Pac. 419.

That case was very similar to the present one in all respects. In its opinion, the court said, "The statute does not appear to vest the county court with judicial powers to hear objections or render a judgment of any character either when the petition is filed or when the report is made by the commissioners of election. * * * It seems to us that the legislature did not contemplate in the enactment of the statute that a contest should be inaugurated in the county court, but that the persons aggrieved should resort to some other remedy. * * * It seems to us that the person or persons who were injured by the incorporation of the town can contest the validity of the proceeding by *quo warranto.*"

The decision of that case settles the law in this jurisdiction, and under its authority this court is compelled to deny the supersedeas.

*Supersedeas denied.*