[No. 7875.]

## THE PEOPLE EX REL. V. THE COUNTY COURT OF GARFIELD COUNTY ET AL.

1. PLEADINGS—*Construed.* The County Judge had appointed commissioners to hold an election upon the question whether a town should be incorporated, and the election had been held. A complaint alleging insufficiencies in the petition for the appointment of the commissioners, praying an injunction to restrain further proceedings, and calling upon the commissioners to show by what authority they assumed the duties imposed by the order of the county court, *held* a proceeding in *quo warranto* against the commissioners. (53, 54.)

2.  OFFICE—*Defined.*  An office is an employment on behalf of the government in any station or public trust, not transient, occasional, or incidental. Commissioners appointed under the statute, to hold an election upon the question whether a town shall become incorporated are not public officers. (54.)

3.  QUO WARRANTO—*When the Proceeding Lies.*  Not to test the regularity of the appointment of commissioners to hold an election upon the question whether a town shall become incorporated (Rev. Code, sec. 320). (54.)

When the town is declared formed the validity of the proceeding may be tested by *quo warranto.* (55.)

*Error to Garfield District Court.*  Hon. JOHN T. SHUMATE, Judge.

Mr. E. N. CLARK and Mr. C. W. DARROW, for plaintiff in error.

Mr. A. L. BEARDSLEY, for defendant in error.

Mr. JUSTICE TELLER delivered the opinion of the court.

In this case the plaintiff in error seeks to reverse a judgment of the District Court dismissing an action brought to prevent further proceedings in the matter of incorporating the town of Silt.

It appears from the complaint that the County Court, upon the filing of a petition for the incorporation of the proposed town, appointed commissioners to call and hold an election upon the question of incorporation. The complaint alleged that the petition was not sufficient to give the court jurisdiction to proceed.

A restraining order to prevent further proceedings was sought and obtained. This order, however, did not prohibit the holding of the election, which had already been called.

The defendants answered, showing cause, and upon trial to the court judgment of dismissal was entered.

Numerous errors are assigned upon the admission of evidence, the sustaining and denial of motions, etc.; but, in our view of the case, it is necessary only to pass upon the correctness of the judgment dismissing the cause.

Although the County Court and the judge thereof were made defendants, and a restraining order sought and obtained, the action is evidently intended to be one in the nature of *quo warranto*. As such, it demands that the defendants, who had been appointed commissioners, show by what warrant they claimed the right to perform the duties which the County Court had devolved upon them, thus raising the question of the validity of the proceedings in the County Court.

We are of the opinion that an action in this form does not lie to test the right of these defendants, as commissioners, to call and hold an election as ordered. They do not hold a public office in the sense in which that term is used in the statute concerning usurpation of office. An office has been defined as "an employment, on behalf of the government, in any station or public trust, not merely transient, occasional or incidental." *In the Matter of Oaths, etc.,* 20 John. 492.

The Supreme Court of Michigan says: "A designation of a person to do some one act or duty, with no official tenure except as incident to that transitory function, cannot make him a public officer without involving a great absurdity. Every public office includes duties which are to be performed constantly, or as occasion arises, during some continuous tenure." *Underwood v. McDuffee,* 15 Mich. 366, 93 Am. Dec. 194.

The positions held by these commissioners were transient in their nature, and ceased to exist upon the full performance of the few duties attached to them. They lack the essential elements of public offices which "embrace the ideas of tenure, duration, emolument and duties." *In the Matter of House Bill No.* 186, 9 Colo. 628, 21 Pac. 473; *U. S. v. Hartwell,* 6 Wall. 385, 18 L. Ed. 830.

The action was premature, not only because there were no officers whose right might thus be challenged, but because it was not certain that the proposed corporation would

ever be formed. That question would be settled by the election; and if the corporation were declared formed, the validity of its incorporation could then be tested by *quo warranto*. *Velasques v. Zimmerman,* 30 Colo. 355.

The complaint not stating a cause of action, the judgment of dismissal, on whatever grounds based, was correct, and is accordingly, affirmed.

*Judgment affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE HILL concur.