## No. 11,276.

### CLARK, ET AL. *v*. UTILITIES COMMISSION, ET AL.

Decided July 6, 1925. Rehearing denied September 8, 1925.

Writ of review to the Public Utilities Commission.

*Writ Dismissed.*

1. SUPREME COURT—*Jurisdiction—Words and Phrases.* The phrase "appellate jurisdiction" as used in section 2, article VI of the Colorado Constitution, relates to the review by a superior court, of a final judgment, order or decree of some inferior court.

2. COURTS—*Public Utilities Commission.* The Public Utilities Commission is not a court.

3. SUPREME COURT—*Original Jurisdiction—Discretion.* The original jurisdiction conferred upon the Supreme Court by section 3, article VI of the Constitution, is discretionary, and it may neither be enlarged nor abridged by the legislature.

4. UTILITIES COMMISSION—*Review—Supreme Court.* The public utilities act, in so far as it attempts to force the Supreme Court to take original jurisdiction in suits involving the validity of decisions and orders of the commission is null and void.

5. SUPREME COURT—*Jurisdiction—Utilities Commission Cases.* Assuming but not deciding that the writ of review mentioned in section 2961, C. L. '21, is one of those writs, with reference to the issuance of which, original jurisdiction is conferred upon the

Supreme Court by the Constitution, such jurisdiction should only be entertained in cases involving questions publici juris. In the instant case, the court declined to take jurisdiction.

6.   *Jurisdiction.* The Supreme Court will decline to take original jurisdiction in cases where the issues can be fully determined and the rights of all parties preserved and enforced in the district court.

7.   *Jurisdiction—Consent.* The Supreme Court will not exercise its discretion to take original jurisdiction in a case, merely because the parties do not object thereto.

*On Rehearing.*

8.   PRACTICE AND PROCEDURE—*Supreme Court—Utilities Commission Cases.* In public utility commission cases taken to the Supreme Court on writ of review, there is no rule which requires or sanctions a certification of the record to the district court.

Mr. O. A. JOHNSON, Mr. GUY D. DUNCAN, for petitioners.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. S. E. NAUGLE, Assistant, Mr. J. Q. DIER, Mr. J. L. RICE, Mr. E. B. EVANS, Mr. C. C. DORSEY, Mr. E. G. KNOWLES, for respondents.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

RESPONDENTS were plaintiffs and petitioners were defendants before the Public Utilities Commission and for convenience we hereinafter so refer to them. Plaintiffs Lannon, Bock and Jones are the members of the Public Utilities Commission of Colorado (hereinafter called the commission), and plaintiffs the Denver and Interurban Railroad Company, Colorado and Southern Railway Company and the Union Pacific Railroad Company are common carriers operating railway lines between Denver and Boulder, Colorado.

The plaintiff companies brought this action against defendants to prohibit their alleged unlawful competition in

conducting the business of carrying passengers by automobile between the cities above mentioned. To review the commission's order prohibiting the further operation of said business by defendants the latter sued out this writ. In view of the fact that this cause must now be disposed of on a question of our jurisdiction we omit further details as to the proceedings before the commission and the questions presented to and decided by it.

The writ was issued pro forma by the clerk May 16, 1925, returnable June 14. May 19, defendants gave notice that they would apply here May 23, for a suspension of the commission's order. May 28, the commission moved to dismiss defendant's application, and the plaintiff companies filed their objection to the granting of the order of suspension. June 4, the commission made its return to the writ, certifying to this court its record in the cause.

The Public Utilities Act is chapter 127, p. 464, L. 1913, as amended by chapters 133 and 134, L. 1915, pp. 392 and 393. It is found in C. L. 1921, p. 917, secs. 2911 to 2977, both inclusive, and our further references herein are to the last mentioned volume. Section 2954 provides for actions before the commission. Section 2961 reads in part: "Within thirty days after the application for a rehearing is denied, * * * the applicant may apply to the supreme court of this state for a writ of review for the purpose of having the lawfulness of the original order or decision on rehearing inquired into and determined. Such writ shall be made returnable not later than thirty days after the date of issuance thereof and shall direct the commission to certify its record in the case to the court. On the return day, the cause shall be heard by the supreme court, unless for a good reason shown the same be continued. * * * The commission and each party to the action or proceeding before the commission shall have the right to appear in the review proceeding. Upon hearing, the supreme court shall enter judgment either affirming, setting aside or modifying the order or decision of the commission. * * * No court of this

state (except the supreme court to the extent herein speci-
fied) shall have jurisdiction to review, reverse, correct or
annul any order or decision of the commission or to sus-
pend or delay the execution or operation thereof, or to
enjoin, restrain, or interfere with the commission in the
performance of its official duties; * * *."

Section 2962 of the act reads in part: "(a) The
pendency of a writ of review shall not of itself stay
or suspend the operation of the order or decision of the
commission, but during the pendency of such writ, the
supreme court in its discretion may stay or suspend, in
whole or in part, the operation of the commission's order
or decision.

(b) No order so staying or suspending an order or de-
cision of the commission shall be made otherwise than
upon three days' notice and after hearing, and if the
order or decision of the commission is suspended, the or-
der suspending the same shall contain a specific finding
based upon evidence submitted to the court and identified
by reference thereto, that great or irreparable damage
would otherwise result to the petitioner and specifying
the nature of the damage.

Section 2963 of the act reads in part: "All actions
and proceedings under this act, * * * shall be pre-
ferred over all other civil causes except election causes
* * * irrespective of position on the calendar."

It will thus be seen that the legislature has attempted
to oblige this court, to the exclusion of all others, to take
jurisdiction in all cases involving the legality of orders
and decisions of the commission, and to prescribe for
the court rules governing the hearing thereof. Two ques-
tions must therefore be answered at the threshold:   (1)
Must we take jurisdiction of the present cause?   (2)
If discretionary, ought we to assume jurisdiction?

1.  Article VI, section 2 of our Constitution reads: "The
supreme court, except as otherwise provided in this
Constitution, shall have appellate jurisdiction only, * * *."

The phrase "appellate jurisdiction", as here used, re-

lates to the review, by a superior court, of the final judgment, order, or decree of some inferior court. *B. & B. R. R. Co. ex parte,* 39 Ark. 82, 87; *Brownsville v. Basse,* 43 Tex. 440, 449.

"The appellate jurisdiction spoken of in the Constitution is evidently that kind of appellate jurisdiction which had theretofore been exercised by the highest judicial tribunals of the respective states, and not an unlimited appellate jurisdiction over any matter or thing arising either in courts or out of courts, which the wisdom or folly of any future legislature might see fit to confer or impose upon it. *Hubbell v. McCourt,* 44 Wis. 584, 587.

Were it otherwise, appeals and writs of error might, under the cloak of "appellate jurisdiction", be made to lie to this court from the final decision of every board, bureau, commission and town council in the state. The Public Utilities Commission is not a court. *People, ex rel. v. Colo. T. & T. Co.,* 65 Colo. 472, 480, 178 Pac. 6. Hence the jurisdiction here involved is original, not appellate.

The only original jurisdiction conferred upon this court is by article VI, section 3 of the Constitution which reads in part: "It shall have power to issue writs of habeas corpus, mandamus, quo warranto, certiorari, injunction, and other original and remedial writs, with authority to hear and determine the same." *Wheeler v. N. C. Irr. Co.,* 9 Colo. 248, 249, 11 Pac. 103; *Whipple, Sec'y of State v. Stevenson,* 25 Colo. 447, 451, 55 Pac. 188. The original jurisdiction thus conferred is discretionary. *In re Rogers,* 14 Colo. 18, 22 Pac. 1053. It may neither be enlarged nor abridged by the legislature. *Leppel v. Dist. Court Garfield Co.,* 33 Colo. 24, 27, 78 Pac. 682. Hence the attempt, by this writ, to force the supreme court to take original jurisdiction in suits involving the validity of decisions and orders of the commission is null and void, to say nothing of the further attempt to prescribe for the court rules concerning the hearing and decision of such question.

2.  Whatever the nature of this so-called "writ of review" it partakes of the character of certiorari and we assume that it is one of those writs, with respect to the issuance of which, original jurisdiction is conferred upon this court by the Constitution.  Nevertheless we think, in the instant case, we ought not take such jurisdiction.  Such jurisdiction should only be entertained in cases involving questions publici juris.  *Wheeler v. N. C. Irr. Co., supra.* Were it otherwise we would decline to take jurisdiction if satisfied, as we are here, that the issues can be fully determined and the rights of all parties preserved and enforced in the district court.  *People, ex rel. Wolpert v. Rogers,* 12 Colo. 278, 281, 20 Pac. 702.

It is conceded that the order of the commission in question is not an injunction and that the commission is powerless to issue such a writ.

Section 2969 of the Act reads in part:  "Whenever the commission shall be of the opinion that any public utility is failing or omitting to do anything required of it by law or by any order, decision, rule, direction or requirement of the commission,  *  *  *  it shall direct the attorney of the commission to commence an action or proceeding in the district court  *  *  *  for the purpose of having such violations or threatened violations stopped and prevented, either by mandamus or injunction."

If these defendants elect to obey the order of the commission the dispute ends.  If they disobey it the last quoted section, in the absence of any other remedy, affords ample relief to plaintiffs.  It is conceded that the conduct of defendants complained of has now continued for approximately two years.  No great or irreparable damage therefore appears probable to plaintiffs pending the determination, in the course of ordinary litigation in the trial courts, of the issues involved.  "In this case, the parties, by their counsel, have not seen fit to question the power of this court to hear and determine this appeal; (writ of review) but we are not disposed to usurp a power which is not conferred upon us by the Constitution, even though

the parties interested may waive their constitutional rights and agree to accept our decision as final in the pending case. This court has an abundance of labor to perform in the discharge of those duties which are conferred upon it by the Constitution, and the laws made in conformity therewith, without assuming other burdens, not sanctioned by the Constitution, and which may be attempted to be imposed upon it by legislation in violation of the constitutional limitations upon its powers." *Hubbell v. McCourt, supra.*

For the same reasons we will not exercise our discretion to take jurisdiction when convinced we ought not, merely because the parties do not object thereto.

The writ is accordingly dismissed.

### On Rehearing.

PER CURIAM. Plaintiffs in error ask only that we direct the record herein certified to the district court. We know of no rule which requires or sanctions such an order.

Defendants in error ask to have the opinion so modified as to hold that the "writ of review" is not one of the original writs mentioned in the Constitution. This request they base upon an erroneous interpretation of the opinion to the contrary. The assumption in the opinion is solely for the purposes of this case. We do not decide the point because such decision is here unnecessary.

Rehearing denied.