No. 14,590.

MAYER ET AL. *v.* PUBLIC UTILITIES COMMISSION ET AL.
(94 P. [2d] 125)

Decided September 11, 1939.

Mr. MARION F. JONES, Mr. JOHN P. BECK, for plaintiffs in error.

Mr. Byron G. Rogers, Attorney General, Mr. James J. Patterson, Assistant, Mr. Wilbur F. Denious, Mr. Hudson Moore, Mr. Dayton Denious, Mr. Robert L. Wood, Mr. Lawrence M. Wood, for defendants in error.

*En Banc.*

Mr. Chief Justice Hilliard delivered the opinion of the court.

A writ of review or certiorari directed by the district court to the Public Utilities Commission, on motion was quashed.

Plaintiff in error Mayer, and Swift Moving and Storage Company were the owners of a certificate of convenience and necessity issued by the Public Utilities Commission permitting transportation of commodities for hire over and upon the public highways of the state. This certificate was sold to plaintiff in error Custard Coal and Timber Company. Plaintiffs in error united in an application to the Public Utilities Commission for transfer of the certificate to the Custard company, which was not granted, and August 18, 1937, their petition for rehearing was denied. Application for writ of review or certiorari in relation to that decision was filed in the Denver district court, September 21, 1937, on which, writ issued May 6, 1938. May 13, 1938, defendants in error moved to quash the writ of review on the ground that the petition had not been filed within thirty days after the commission had denied application for rehearing, required, as said, by section 52, chapter 137, '35 C. S. A. That section of the statute provided for court review of the action of the Public Utilities Commission, but application for such review was required to be within thirty days after denial of rehearing by the commission. The same statute undertook to require all such applications to be made directly to the Supreme Court, and forbade other courts to act relative thereto. In *Clark v. Utilities*

*Commission,* 78 Colo. 48, 239 Pac. 20, we held that in so far as the statute attempted to confer original jurisdiction upon the Supreme Court, it was unconstitutional; and in *Greeley Transportation Co. v. People,* 79 Colo. 307, 245 Pac. 720, we decided that the portion of the act which attempts to deprive the district court of jurisdiction in such matters is unconstitutional.

In addition to essaying to confer original jurisdiction upon the Supreme Court in the matter of review of decisions of the Public Utilities Commission, and to preclude the district court therein—judicially nullified as stated—the General Assembly fixed a period of limitation within which application for review must be interposed; namely, thirty days. It is contended by plaintiffs in error that since the provisions of the act relative to court jurisdiction have been declared to be unconstitutional, it follows that the portion of the act concerning limitation likewise is invalid. We are not of that view. Clearly, the General Assembly was endeavoring to expedite the procedure contemplated by the entire act, and to that end the limitation relative to judicial review was made a feature of the law. That part of the act which would have conferred original jurisdiction upon the Supreme Court in the matter of judicial review, while unconstitutional, as we have seen, emphasizes, nevertheless, the purpose of the General Assembly to work expedition in the determination of questions arising out of the administration of the act. We think the limitation feature of the statute is severable from, does not depend upon, and is not related to, the provisions concerning the jurisdiction of courts. In *Fleming v. McFerson,* 94 Colo. 1, 28 P. (2d) 1013, the opinion being delivered by Mr. Justice Butler, we said: "In *Clark v. Public Utilities Commission,* 78 Colo. 48, 239 Pac. 20, we held that the provision seeking to impose such original jurisdiction upon this court was unconstitutional and void. And in *Greeley Transportation Co. v. People,* 79 Colo. 307, 245 Pac. 720, we held that the provision attempting to deprive district courts of jurisdic-.

tion was unconstitutional and void. That left the act without any provision for a review by a court, but we held that such omission did not render the whole act void, as the district court, under the powers conferred upon it by the Constitution, has jurisdiction to review a decision of the commission." The foregoing is a fair summary of the doctrine to be deduced from the Clark and Greeley Transportation Company cases. See, also, *Public Utilities Commission v. City of Loveland,* 87 Colo. 556, 289 Pac. 1090. It follows—and that was the view of the trial judge—that since the petition for review was not filed in the district court within thirty days after denial of the application for rehearing by the Public Utilities Commission, judicial review of the latter's acts in this proceeding is barred.

Let the judgment be affirmed.

Mr. Justice Francis E. Bouck not participating.