## No. 28054

**Larry A. Mizel, John Andrew Love, Harry Guzofsky, Steven P. Levine, and William B. Kemper v. The Banking Board of the State of Colorado, Harry Bloom, State Bank Commissioner and their Successors in Office; Will F. Nicholson, Jr., Charles A. Schley, Harold Kountze, Jr., Kenneth H. Nordling, Verner Eliason and Columbine State Bank**

(581 P.2d 306)

Decided July 17, 1978.

Rothgerber, Appel & Powers, James M. Lyons, Gregory L. Williams, A. Frank Vick, Jr., Ira C. Rothgerber, Jr., for plaintiffs-appellants.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, John R. Rodman, Assistant, for defendants-appellees, Banking Board of the State of Colorado and Harry Bloom, State Bank Commissioner.

Davis, Graham & Stubbs, Arthur E. Otten, Jr., for defendants-appellees, Nicholson, Schley, Kountze, Nordling and Eliason.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

In February of 1974, appellees Nicholson *et al.* filed an application with the appellee Banking Board for a state bank charter for a bank to be located in the Denver Technical Center. The appellants, organizers of the Southeast State Bank, appeared as objectors at the Banking Board hearing. Columbine State Bank also appeared as an objector. On April 24, 1975, the Banking Board granted the charter.

Two alternative approaches to appealing the Banking Board's order were then pursued. Columbine State Bank filed an appeal directly with the court of appeals. The appellants herein subsequently joined this action also. The court of appeals set aside the order of the Banking Board. *Columbine State Bank v. Banking Board,* 38 Colo. App. 58, 554 P.2d 1355 (1976). On certiorari this court reversed. *Banking Board v. Columbine State Bank,* 194 Colo 54, 569 P.2d 871 (1977).

On the same day that Columbine State Bank filed its appeal in the court of appeals, the appellants filed this action in the district court. The district court dismissed on February 11, 1976, stating that the court of appeals had exclusive appellate jurisdiction of orders of the Banking Board granting or denying charter applications for new state banks. This court now has before it an appeal of this dismissal. We affirm the judgment of the district court.[1]

Prior to the commencement of this action, the statutes relating to review of Banking Board orders were amended. Before the amendments, judicial review of such orders was commenced "in the district court of Colorado in and for the county in which the bank is, or proposed bank is to be located. . . ." C.R.S. 1963, 14-2-7(1). As amended, the statutes provide:

---

[1] As a preliminary matter, the appellees argue that appellants are barred from bringing this action by the doctrine of *res judicata*. Appellants, however, attack the jurisdiction of the court of appeals to decide any of the issues in this case. The jurisdictional question is thus a threshold issue which this court must address. In light of our discussion of this issue below, we need not address the question of *res judicata*.

"Court review. (1) Any person aggrieved and directly affected by an order of the banking board issued under this code may seek a review in the district court in and for the county in which the bank is located, or proposed bank is to be located, within thirty days after receipt of written notice of the issuance of said order; *except that any person aggrieved or directly affected by an order of the banking board pursuant to section 11-3-110 granting or denying a charter for a new state bank may seek a review in the court of appeals, and not the district court. . . .*" Section 11-2-105(1), C.R.s. 1973. (Emphasis added.)

"(2) The court of appeals shall have initial jurisdiction to review awards or actions of the industrial commission, as provided in articles 53 and 74 of title 8, C.R.S. 1973, and *to review orders of the banking board granting or denying charters for new state banks as provided in article 2 of title 11,* C.R.S. 1973." Section 13-4-102(2), C.R.S. 1973. (Emphasis added.)

■ Initially, appellants argue that these amendments merely vest concurrent jurisdiction in the court of appeals and the district courts to review Banking Board charter application orders. In reaching this conclusion, appellants rely on the use of the permissive "may" in the last clause of section 11-2-105(1), C.R.S. 1973. We are unable to conclude, however, that the use of the word "may" reflects a legislative intent to confer concurrent jurisdiction in this area. A reading of the plain language of this section refutes such a strained interpretation. An aggrieved person "may" seek review of a Banking Board charter order in the court of appeals. He may *not* seek review in the district court. The word "may" merely indicates an intent to confer a right of review in this area which an aggrieved individual may or may not exercise. This interpretation of the statute is, of course, reinforced by the mandatory language of section 13-4-102(2), C.R.S. 1973.

■ Appellants next argue that if the statutory amendments in question vest exclusive jurisdiction to review Banking Board charter orders in the court of appeals, they are unconstitutional because they divest the district courts of original jurisdiction in violation of Article VI, Section 9(1) of the Colorado Constitution. We do not agree.

Article VI, Section 9(1) of the Colorado Constitution provides that:

"The district courts shall be trial courts of record with general jurisdiction, and shall have original jurisdiction in all civil, probate, and criminal cases, except as otherwise provided herein, and shall have such appellate jurisdiction as may be prescribed by law."

The narrow question presented for our consideration is whether review of Banking Board orders relating to charter applications is an exercise of original jurisdiction.

In support of their argument that review by the court of appeals in this instance is an unconstitutional exercise of original jurisdiction,

appellants rely primarily on the case of *Greeley Transportation Company v. People,* 79 Colo. 307, 245 P.720 (1926). The Public Utilities Act in effect at the time of the *Greeley* decision contained a section dealing with judicial review which provided, in part, as follows:

"Within thirty days after the application for a rehearing is denied, or, if the application is granted, then within thirty days after the rendition of the decision on rehearing, the applicant may apply to the supreme court of this state for a writ of review for the purpose of having the lawfulness of the original order or decision on rehearing inquired into and determined. . . . The review shall not extend further than to determine whether the commission has regularly pursued its authority, including a determination of whether the order or decision under review violates any right of the petitioner under the Constitution of the United States or of the state of Colorado, and whether the order of the commission is just and reasonable and whether its conclusions are in accordance with the evidence. The findings and conclusions of the commission on disputed questions of fact shall be final and shall not be subject to review. . . . Upon hearing, the supreme court shall enter judgment either affirming, setting aside or modifying the order or decision of the commission. . . ." Section 2961, p.935, C.L. 1921.

The court held that this statute was an unconstitutional attempt to empose original jurisdiction upon the Supreme Court. In so doing, it emphasized the broad scope of review contemplated by the statute:

"This section, it will be observed, provides for a complete judicial review, in which even the justness and reasonableness of the commission's order may be inquired into, and that order affirmed, revoked, or modified; that such review shall be had in the Supreme Court; and that the district court is without jurisdiction thereof." 79 Colo. at 312, 245 P. at 723.

Implicit in the court's discussion is the conclusion that the statute would, in effect, permit the Supreme Court to substitute its judgment for that of the Commission. *See also Clark v. Utilities Commission,* 78 Colo. 48, 239 P. 20 (1925). This is to be contrasted with the narrower scope of review which the court of appeals is to employ in passing upon Banking Board determinations granting or denying commercial bank charters:

"The court may affirm the order of the banking board or may direct the banking board to take any action deemed proper. It may reverse or modify the order of the banking board if it was issued pursuant to an unconstitutional statutory provision; was in excess of statutory authority; was issued upon unlawful procedure; or is not supported by substantial evidence in the record." Section 11-2-105(2), C.R.S. 1973.

A reviewing court is not at liberty to disturb Banking Board determinations of public need and advantage or projected profitability when such decisions involve questions within the Board's special area of expertise. As

such, review by the court of appeals in this case does not constitute an exercise of the original jurisdiction contemplated in Article VI, Section 9 of the Colorado Constitution, but is rather an exercise of appellate jurisdiction.[2]

The judgment of the district court is affirmed.

MR. JUSTICE GROVES does not participate.

---

[2] *Black's Law Dictionary* (4th ed.), defines "original jurisdiction" as: "Jurisdiction in the first instance; jurisdiction to take cognizance of a cause at its inception, try it, and pass judgment upon the law and facts."