The STATE of Colorado ex rel. The COLORADO DEPARTMENT OF HEALTH, Plaintiff-Appellee,

v.

I.D.I., INC., d/b/a Birchwood Pavilion Care Center, Defendant-Appellant.

No. 80CA0739.

Colorado Court of Appeals, Div. II.

Aug. 20, 1981.

Rehearing Denied Oct. 15, 1981.

Certiorari Denied March 8, 1982.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Eva Camacho Woodard, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Atler, Zall & Haligman, P.C., Lawrence M. Henry, Denver, for defendant-appellant.

STERNBERG, Judge.

Defendant, I.D.I., Inc., d/b/a Birchwood Pavilion Care Center, appeals the Denver District Court's denial of injunctive relief, the effect of which would have been to dismiss a "conservator" appointed to manage the nursing home. The appointment had been made pursuant to a stipulated agency order. I.D.I. asserts that, because the probate court has exclusive jurisdiction to appoint a conservator, the district court lacked subject matter jurisdiction and, therefore, the authority to enforce the final agency order stipulating appointment of a conservator. We affirm the district court's order denying injunctive relief.

To prevent revocation of Birchwood Pavilion's license, I.D.I. entered into a stipulation with the state whereby it agreed, *inter alia*, to sell or lease the care center on or before June 15, 1978. I.D.I. further agreed that, in the event Birchwood Pavilion had not been sold or leased by that deadline, a "conservator" would be appointed to manage the facility. It also stipulated that the agreement of the parties, which subsequently was incorporated into a final agency order, would be enforceable in court.

When I.D.I. did not sell or lease Birchwood Pavilion before the agreed-upon deadline, the state brought an action in district court to enforce the final agency order and, pursuant to the stipulation of the parties, the court ordered the appointment of a "conservator." According to the stipulated facts:

"The court ordered that the conservator take custody, control and possession of all funds, property, premises, and other assets of or in the possession or under control of I.D.I., Inc. pertaining to the facility wherever situated, with full authority in the conservator to sue for, collect, receive and take into possession all goods, travels, rights, credits, monies, fees, affects, land, books and records of accounts, and other documents of I.D.I., Inc. pertaining to the facility which were held as of June 30, 1978, by or under the control of I.D.I., Inc. The court ordered the conservator to have the right to the possessions, control, and use of all medicaid reimbursement payments due to I.D.I., Inc. for eligible patients care as of June 16, 1978. The court further ordered that the conservator make only such payments and disbursements from the funds so taken into his custody, control and possession, or thereafter received by him, as would be necessary and advisable in discharging his duties . . . . "

The principal issue on appeal is whether the district court had jurisdiction to appoint the conservator. Citing *Colo. Const.*, Art. VI, Sec. 9, I.D.I. contends that appointment of a conservator is within the exclusive jurisdiction of the probate court. We do not agree with the assertion that this constitutional provision prohibits the appointment of the conservator here.

To determine whether the district court has subject matter jurisdiction, we must rely on the nature and the substance of the proceeding, rather than its name. *Board of County Commissioners v. Mountain Air Ranch*, 192 Colo. 364, 563 P.2d 341 (1977); *Burns v. District Court*, 144 Colo. 259, 356 P.2d 245 (1960). The proceeding below was an action to enforce a final agency order under § 24–4–106(3), C.R.S. 1973 (as amended), and, therefore, within the exclusive jurisdiction of the district court. Considering the terms of the court-ordered conservatorship, we conclude that the "conservator" was, in essence, a receiver. Notwithstanding § 25–3–108, C.R.S. 1973, enacted after commencement of this proceeding, C.R.C.P. 66(a)(1), then applicable, provided a basis for this proceeding. Accord-

ingly, the district court had subject matter jurisdiction to appoint this "conservator".

 Although I.D.I. also argues that the order incorporating the stipulation for appointment of a conservator, which it asserts was coerced, was confiscatory and, therefore, an unconstitutional taking, we do not reach this issue, as it was not included in the motion to alter or amend judgment. *See Hummel v. Skyline Dodge, Inc.*, 41 Colo.App. 572, 589 P.2d 73 (1978). Furthermore, because the record before us does not include a transcript of the hearing before the district court, it is impossible to determine whether this argument was presented below and, hence, reserved as grounds for review. Where constitutional issues are not before the district court, they will not be considered on appeal. *Hessling v. City of Broomfield*, 193 Colo. 124, 563 P.2d 12 (1977).

The order is affirmed.

ENOCH, C. J., and TURSI, J., concur.